UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

## PARTIES' PROPOSED CASE MANAGEMENT ORDER

I. Pursuant to Fed. R. Civ. P. 26(f), a meeting was held in __via telephone__ on __August 16, 2011__ and was attended by:

__Christopher Robinson__ for Plaintiff(s) __Christian Narkiewicz-Laine__.

__Saskia Bryan__ for Defendant(s) __Kevin C. Doyle, et al.__.

II. The Fed. R. Civ. P. 26(a)(1) material will be exchanged by __September 2, 2011__.

III. Alternative Dispute Resolution Mediation. Counsels hereby certify that their clients have read the Pamphlet governing the court's mediation program, that counsels have discussed with their respective clients the available dispute resolution options provided by the court and private entities, and that counsels have given an estimation of the fees and costs that would be associated with the litigation of this matter, through trial, to their clients. Further, counsels have provided to their clients an estimate of the fees and expenses reasonably expected to be incurred through an early successful mediation. Counsels certify that they have discussed the available ADR options with their clients and have considered how this case might benefit from those options. Lastly, if this is a fee shifting case, defense counsels certify they have discussed the advantages and disadvantages of making a Rule 68 offer of judgment.

☐ Parties have agreed on early mediation. _____ has been chosen as the mediator. The mediation shall be held within 60 days of this order. Discovery (shall)(shall not) be stayed during the 60 days of referral. Pursuant to ADR local rules, this case is hereby referred to mediation. Counsels and parties will submit evaluations to the Court within ten days of the conclusion of mediation.

☐ Parties have agreed on mediation. _____ has been chosen as the mediator. The parties believe the best time to mediate would be _____ and request the matter be referred to mediation at that time. Counsels and parties will submit mediation evaluations to the Court within ten days of the conclusion of mediation.

[X] Parties request an immediate settlement conference with the Magistrate Judge.

☐ Parties plan to utilize private ADR. (Parties shall explain the private ADR and when it will take place).

☐ Parties request this case be excused from ADR.

IV. Discovery Plan. The parties jointly propose to the court the following discovery plan:

A) Discovery will be needed on the following subjects:

SEE ATTACHED SHEET

B) Maximum of 30 interrogatories by each party to any other party.

C) Maximum of 30 requests for admission by each party to any other party.

D) Maximum of 12 depositions by Plaintiff(s) and 12 by Defendants(s).

E) Each deposition [other than of _____ ] shall be limited to a maximum of 7 hours unless extended by agreement of the parties.

F) Fact discovery cut-off is set for December 30, 2011.

G) Report from retained expert for the Plaintiff under Rule 26(a)(2) due January 16, 2012. Deposition of Plaintiff's expert shall be taken by February 1, 2012. Report from retained expert for Defendant under rule 26(a)(2) due DISPUTED. Deposition of Defendant's expert shall be taken by DISPUTED. Supplementations under Rule 26(e) will be scheduled by the court at the request of the parties.

H) All discovery shall be cut off by DISPUTED (should be no longer than date for Defendant's expert deposition).

I) Time for the parties to amend pleadings and add counts or parties is hereby established as September 30, 2011.

J) The parties suggest the next discovery conference with the court be November 15, 2011.

All dispositive motions will be due 30 days after the fact discovery cut-off date unless otherwise ordered by the court and the parties agree pleadings, motions and briefs may be exchanged by e-mail, fax or other electronic means.

V. Electronically Stored Information.

Electronically stored information that can reasonably be anticipated to be relevant to the litigation will be preserved. The primary source of electronically stored information for production should be active data and information used in the ordinary course of business.

In order for the court to order a search, the requesting party will need to demonstrate that the need and relevancy of the material outweigh the cost and burden of retrieving and processing the electronically stored information from such sources, including the disruption of business and the information management activities.

When balancing the cost, burden and need for electronically stored information, the courts and the parties will apply the proportionality standard embodied in Fed. R. Civ. P. 26(b)(2)(C) which requires consideration of the technological feasibility and realistic costs of

preserving, retrieving, reviewing, and producing electronically stored information, as well as the nature of the litigation and the amount in controversy.

All formats primarily used for backup or disaster recovery purposes and any computer servers, external hard drives, notebooks, or personal computer hard drives created for disaster recovery purposes and not used in the ordinary course of business operations are presumed to present a burden which outweighs the relevancy of data preserved in such formats and need not be searched absent relevance and special need.

Absent a showing of relevance and special need, a responding party will not be required to preserve, review or produce deleted, shadowed, fragmented or residual electronically stored information.

<u>Narkiewicz-Laine v. Doyle, et al., 11 CV 1826</u>

PROPOSED CASE MANAGEMENT ORDER/ RIDER

IV. A: Discovery will be needed on the following subjects:

Plaintiff's background and career as an artist, museum director and collector

The nature of the agreement between Plaintiff and Defendants for leasing storage space at 125 South Main Street, including its genesis, terms, communications concerning, and rent payments thereof

The nature, number and value of the materials and personal effects stored in the storage space

The basis for Plaintiff's claim that there were "Works of Visual Art" (as defined by the Visual Artists Rights Act) in the space

The "Recognized Stature" of the alleged Works of Visual Art alleged to have been removed from the space by Defendants and damaged or destroyed

Defendants' attempts to sell, and the sale of, 125 S Main Street

Facts with respect to Defendants' claim that Plaintiff abandoned the storage space and its contents

Facts with respect to the institution of eviction proceedings, or lack thereof, by Defendants

The removal of the contents from the storage space and their damage or destruction

The circumstances concerning the retention by Defendants of any of the contents from the storage space

Recovery of some of the materials and personal effects removed from the storage space

The Police inquiry into the above events and efforts to recover the removed contents

Basis for Plaintiff's damages