## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

---------------------------------------------------------- x

CHRISTIAN K. NARKIEWICZ-LAINE, :
:
Plaintiff, :
:
- against - :
: NO.:11 CV 1826
KEVIN C. DOYLE, MICHAEL W. DOYLE, :
PAMELA DOYLE, JOHN T. DOYLE TRUST : THE HONORABLE JUDGE PHILIP
A and JOHN T. DOYLE TRUST B, and JOHN : G. REINHARD
DOES 1-5 :
: MAGISTRATE JUDGE P. MICHAEL
Defendants. : MAHONEY
:
:

---------------------------------------------------------- x

## PLAINTIFF'S RULE 56.1
## STATEMENT OF FACTS IN SUPPORT OF THEIR MOTION
## FOR PARTIAL SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedures and Rule 56.1 of the Local

Civil Rules of the United States District Court for the Northern District of Illinois, Plaintiff

Christian K. Narkiewicz-Laine ("Narkiewicz-Laine") hereby submits the following Rule 56.1

Statement of Facts in Support of his Motion for Partial Summary Judgment Against Defendants .

| PLAINTIFF'S UNDISPUTED MATERIAL FACTS | PLAINTIFF'S SUPPORTING EVIDENCE |
|---|---|
| 1.   Christian Narkiewicz-Laine ("Narkiewicz-Laine") is an accomplished artist and the President and Director of The Chicago Athenaeum (the "Museum") with its main administrative offices in Galena, Illinois | Amended Complaint ¶ 5; Narkiewicz-Laine Dec. ¶ 2 |
| 2.   From a date prior to 2004 until | Amended Complaint ¶ 5; Narkiewicz- |

| PLAINTIFF'S UNDISPUTED MATERIAL FACTS | PLAINTIFF'S SUPPORTING EVIDENCE |
|---|---|
| 2010, the John T. Doyle Trusts A & B (the "Trusts") owned a building at 123-125 S. Main Street in Galena (the "Building") | Laine Dec. ¶ 8; Kevin Doyle Dep. 37:13 – 15 |
| 3. Kevin and Michael Doyle are brothers and co-trustees of the Trusts | Amended Complaint ¶ 5; Kevin Doyle Dep. 33:6-9; 61:15-62:2. |
| 4. Pamela Doyle is the wife of Kevin Doyle | Amended Complaint ¶ 8 |
| 5. In early 2004, Narkiewicz-Laine entered into an oral lease for the second floor of 125 S Main Street (the "Premises") | Amended Complaint ¶ 19; Narkiewicz-Laine Dec. ¶ 7; Kevin Doyle Dep. 62:22 – 63:7 |
| 6. In 2004 and 2005, and from time to time over the period of the lease, Narkiewicz-Laine and Ioannis Karalias moved works of art and other personal possessions into the Premises | Amended Complaint ¶ 21; Ioannis Karalias Dec. ¶¶7-13; Narkiewicz-Laine Dec. ¶ 7; Narkiewicz-Laine Dep. 132:1 – 137:8 |
| 7. Under the lease, rent for the Premises was set at $50 per month, an amount that remained unchanged for the entire period of the lease | Amended Complaint ¶20; Narkiewicz-Laine Dec. ¶¶ 8 |
| 8. Under the lease, monthly rent was to be made payable to the Trusts and delivered by hand or mail to the Galena State Bank & Trust in Galena (the "Bank"), where Pamela Doyle works | Amended Complaint ¶¶ 23; Narkiewicz-Laine Dec. ¶¶ 8, 15; Kevin Doyle Dep. 68:18 – 69:6; Pamela Doyle Dep. 31:22 – 33:3 |
| 9. Under the lease, Narkiewicz-Laine assumed responsibility for the gas and electricity he used on the Premises | Amended Complaint ¶ 20; Narkiewicz-Laine Dec. ¶ 9 |
| 10. The gas bill was paid for the entirety of the lease, but Narkiewicz-Laine disconnected the electricity in or about 2009 | Narkiewicz-Laine Dec. ¶ 14, Ex. A; Narkiewicz-Laine Dep. 70:7–71:14 |
| 11. From February 2004 until February 2006, Narkiewicz-Laine | Amended Complaint ¶ 23; Narkiewicz-Laine Dec. ¶ 16; Pamela Doyle Dep. |

| PLAINTIFF'S UNDISPUTED MATERIAL FACTS | | PLAINTIFF'S SUPPORTING EVIDENCE |
|---|---|---|
| | paid in monthly checks | 30.17- 33:3 |
| 12. | In 2006, Narkiewicz-Laine began to pay several months' rent at once, sometimes in advance and sometimes after the due date | Amended Complaint ¶ 25; Narkiewicz-Laine Dec. ¶ 16; Pamela Doyle Dep. 30:17 – 33:3 |
| 13. | In July 2008, Narkiewicz-Laine paid for all of the 2008 rent with a single check for $600; this and all previous rent checks were cashed by defendants | Amended Complaint ¶ 26; Narkiewicz-Laine Dec. ¶ 16; Pamela Doyle Dep. 36:19-38:7 |
| 14. | At least one e-mail from Pamela Doyle to Narkiewicz-Laine explicitly ratified large, lump sum payments of rent | E-mail from Pamela Doyle to Narkiewicz-Laine, dated April 8, 2009; Pamela Doyle Dep. Ex. 3 (page Doyle 33) |
| 15. | In September 2009, Narkiewicz-Laine sent a check for $600 via registered mail from Athens, Greece to Janet Bussan at the Bank, as full payment for the rent on the Premises for the 2009 calendar year | Amended Complaint ¶ 27; Narkiewicz-Laine Dec. ¶ 18, Ex. C |
| 16. | Although the 2009 check was never cashed, defendants never notified Narkiewicz-Laine that they did not receive this payment | Amended Complaint ¶26; Narkiewicz-Laine Dec. ¶ 18; Pamela Doyle Dep. 39:17 – 40:8 |
| 17. | On or about July 20, 2010, Narkiewicz-Laine deposited a check dated July 19, 2010 for $600 at the Bank, annotating the check "Jan-Dec 2010 Main St. Rent" as full payment for rent on the Premises for the 2010 calendar year | Amended Complaint ¶29; Narkiewicz-Laine Dec. ¶ 23-24 and Ex. D |
| 18. | In or about 2008, Narkiewicz-Laine requested that a broken window be repaired on the Premises and Kevin Doyle fixed it | Narkiewicz-Laine Dec. ¶ 13; Kevin Doyle Dep. 86:6 – 86:6 |
| 19. | Defendants became interested in selling the building and entered | Amended Complaint ¶ 30; Kevin Doyle Dep. 89:10; Pamela Doyle Dep. 45:7- |

| PLAINTIFF'S UNDISPUTED MATERIAL FACTS | | PLAINTIFF'S SUPPORTING EVIDENCE |
|---|---|---|
| | the Premises, without notice to Narkiewicz-Laine, to show to prospective buyers | 46:2; Gagliardi Dep. 11:10-17 |
| 20. | In the first half of 2010, Kevin Doyle showed the Premises to at least three sets of prospective buyers, all without notice to Narkiewicz-Laine | Amended Complaint ¶ 30; Kevin Doyle Dep. 114:11–15; Michael Doyle Dep. 38:17–39:18 |
| 21. | In Spring 2010, Michael Doyle viewed the Premises and concluded that it was occupied by a tenant and that the lease for the Premises would be assumed by the purchaser | Michael Doyle Dep. 48:15–49:6, 50:6–51:12 |
| 22. | At no time in 2010 did defendants inform Narkiewicz-Laine that the rent was not up-to-date, that the Building was being sold or that Narkiewicz-Laine should vacate the Premises | Amended Complaint ¶35, ¶43; Kevin Doyle Dep. 110:6-24; 127:13-128:7 |
| 23. | In July 2010, defendants sold the Building to John and Donna Andresen, who had been renting the ground floor of 125 S. Main Street as a store; the closing date was July 23, 2010 | Amended Complaint ¶ 30; Kevin Doyle Dep. 120:1-10 |
| 24. | The Andresens told Kevin Doyle that they would only purchase the Building if the Premises were sold without tenants and empty of personal effects | Donna Andresen Dep. 19:20–20:16; Kevin Doyle Dep. 120:1-10 |
| 25. | The offer to purchase, signed by both trustees, states the Building was purchased "as is," without specific reference to Narkiewicz-Laine's lease | Kevin Doyle Dep. Ex. 2, p. 4 |
| 26. | In early July 2010, Kevin Doyle and a relative entered the Premises and removed multiple items belonging to Narkiewicz- | Kevin Doyle Dep. 135:11 – 138:16 |

| PLAINTIFF'S UNDISPUTED MATERIAL FACTS | PLAINTIFF'S SUPPORTING EVIDENCE |
|---|---|
| Laine | |
| 27. In July 2010, Kevin Doyle rented a large commercial dumpster, which was delivered to the Building | Amended Complaint ¶ 39-40; Kevin Doyle Dep. 132:12-133:24 |
| 28. On July 20, 2010, Kevin and Pamela Doyle, with the assistance of another relative, removed the entire remaining contents of the Premises | Amended Complaint ¶ 39; Kevin Doyle Dep. 148:9–149:15; Pamela Doyle Dep. 63:1-74:23 |
| 29. Items in the Premises which Kevin and Pamela Doyle believed they could sell were loaded into Kevin Doyle's pick-up truck, parked behind the Building; all other items were discarded into the dumpster | Amended Complaint ¶ 39-40; Kevin Doyle Dep. 149:1-15; 158:24–159:9; Pamela Doyle Dep. 84:21–85:10 |
| 30. The Premises have a back entrance that is not visible from the ground floor of commercial spaces at 123 or 125 S. Main Street | Steve Andresen Dep. 9:22–10:16 |
| 31. Defendants transported at least ten loads from the Premises in their pick-up truck to a storage facility owned by Kevin Doyle | Kevin Doyle Dep. 158:24-159:9; Pamela Doyle Dep. 84: 21-85:10 |
| 32. Paintings on plywood, unframed paintings on stretchers, framed and unframed photographs, and "posters" were among the items seen in the Premises and discarded by Kevin and Pamela Doyle from the Premises | Amended Complaint ¶ 40; Donna Andresen Dep. 13:10-20; Steve Andresen Dep. 15:13–16:8, 21:21–22:1; Kevin Doyle Dep. 152:8–153:2; Pamela Doyle Dep. 68:13–69:16, 79:7-80:18; Gagliardi Dep. 22:20–24:2 |
| 33. Among the works Kevin Doyle discarded in the dumpster were two large works created by Narkiewicz-Laine, *Father, Son and Holy Ghost* and *The Universe is Burning* | Kevin Doyle Dep. 179:20–181:24; Narkiewicz-Laine Dec. ¶ 30. |
| 34. Among the works Defendants | Amended Complaint ¶ 52; P. Doyle |

| PLAINTIFF'S UNDISPUTED MATERIAL FACTS | PLAINTIFF'S SUPPORTING EVIDENCE |
|---|---|
| discarded in the dumpster was a photographic work created by Narkiewicz-Laine entitled *Refugee* | Dep. 68:13–69:16 |
| 35. *Refugee* was later recovered by Narkiewicz-Laine from an individual who claimed he had found the work in a dumpster on Main Street in Galena | Deputy Michael Oellerich Dep., Ex. 3 (Police Report) |
| 36. Steve Andresen, Donna Andresen's son, saw canvases in the Premises during a walkthrough and saw them again in the dumpster | Steve Andresen Dep. 15:13 – 16:8, 21:21 – 22:1 |
| 37. Luanne Gagliardi, who operated a store at 127 S. Main Street, saw large pieces of plywood and stretched canvases about five feet square in the dumpster | Gagliardi Dep. 22:20–24:2 |
| 38. The dumpster was hauled away by Montgomery Trucking and the contents left at the landfill | Amended Complaint ¶ 44; Kevin Doyle Dep. 169:1-16 |
| 39. On July 21, 2010, Kevin Doyle called the Museum, was given Narkiewicz-Laine's cell phone number, and informed Narkiewicz-Laine that the Building had been sold and all property in the Premises had either been destroyed or removed for sale | Amended Complaint ¶ 42; Narkiewicz-Laine Dec. ¶26; Kevin Doyle Dep. 167:13–168:12 |
| 40. On July 22, 2010, Narkiewicz-Laine's check for 2010 rent was cashed by Pamela Doyle at the Bank | Amended Complaint ¶ 42; Pamela Doyle Dep.: 93: 3 – 94:10. |
| 41. In 2009 and 2010, Pamela Doyle had an e-mail address for Narkiewicz-Laine which she had used on past occasions to communicate with him | Pamela Doyle Dep. 39:19–40:4; 52:10-13 |

| PLAINTIFF'S UNDISPUTED MATERIAL FACTS | | PLAINTIFF'S SUPPORTING EVIDENCE |
|---|---|---|
| 42. | Defendants knew that Narkiewicz-Laine worked at the Museum | Kevin Doyle Dep. 167:13-16; Pamela Doyle Dep. 23:7-13 |
| 43. | Defendants did not follow any of the requirements of the Illinois Forcible Entry and Detainer Act: they did not provide Narkiewicz-Laine with notice that they intended to evict him; did not demand final payment of rent due; did not file and serve an eviction complaint or claim for rent with the Circuit Clerk's office in Galena; and did not obtain an order of eviction or judgment for rent | Amended Complaint ¶35-38 |

Dated: New York, New York
June 29, 2012

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By:/s/ Christopher Robinson
    Christopher J. Robinson
    Marcia B. Paul
1633 Broadway 27th floor
New York, New York 10019
(212) 489-8230
*Primary and Trial Counsel for Plaintiff*


James H. Wolf
James M. Wolf
WOLF & TENNANT
33 North Dearborn, suite 800
Chicago, Illinois 60602
(312) 739-0300.

*Local Counsel for Plaintiff*