# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 11 C 1826 | DATE | 12/3/2012 |
| CASE TITLE | Christian K. Narkiewicz-Laine vs. Kevin C. Doyle, et al. | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, the court denies the motion for partial summary judgment in its entirety. The parties are to schedule a settlement conference with the magistrate judge within 30 days of the date of this order.

*Philip G. Reinhard*

■[ For further details see text below.]

Electronic Notices.
Copy to Magistrate Judge Mahoney.

## STATEMENT - OPINION

Plaintiff, Christian Narkiewicz-Laine, filed a five-count, second amended complaint against defendants, Kevin C. Doyle, Michael W. Doyle[1], Pamela Doyle, John T. Doyle Trust A, John T. Doyle Trust B, and John Does 1-5, alleging in Count I a federal cause of action pursuant to 17 U.S.C. § 106A(A)(3)(B), in Count II a federal claim pursuant to 17 U.S.C. § 106A(A)(3)(A), in Count III a claim under Illinois law for trespass based, in part, on a violation of the Forcible Entry and Detainer Act (Act), 735 ILCS 5/9-101 et seq., in Count IV a claim under Illinois law for conversion, and in Count V a claim for negligence under Illinois law.

Plaintiff filed a motion for partial summary judgment as to Counts III and IV. Defendants responded, contending there are questions of material fact as to the defense of abandonment as it applies to the premises and the personal property therein. Plaintiff has filed a reply.

Summary judgment is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Van Diest Supply Co. v. Shelby County State Bank, 425 F. 3d 437, 439 (7th Cir. 2005). The court considers all facts and draws all reasonable inferences therefrom in favor of the non-moving party. Van Diest Supply Co., 425 F. 3d at 439. To defeat a motion for summary judgment, the non-moving party cannot rest on mere allegations or denials from the pleadings, but must present sufficient evidence to show the existence of each element of its case (or defense) on which it will bear the burden at trial. Van Diest Supply Co., 425 F. 3d at 439. However, neither a scintilla of evidence, the mere existence of some alleged factual dispute, nor some metaphysical doubt as to the material facts is sufficient to oppose summary judgment. Rather, the party must supply evidence sufficient to support a jury verdict in its favor. Van Diest Supply Co., 425 F. 3d at 439.

Count III

Initially, the court must clarify an ambiguous aspect of the claim in Count III. Count III refers to both trespass and a violation of the Act. However, the court can find no basis in Illinois law for a separate cause of action for money damages under the Act. While there is an arguable claim under a common law theory of forcible entry, see Perry v. Evanston Young Men's Christian Association, 92 Ill. App. 3d 820 (1981), it does not appear that plaintiff here is alleging such a claim. Thus, the court will proceed on the basis that Count III is alleging a claim for trespass only.[2]

Under Illinois law, a civil claim for trespass to real property is based on an unlawful entry upon another's possession. Kelch v. Izard, 227 Ill. App. 3d 180, 187 (1992). Put another way, a trespass is an invasion of the exclusive possession and physical condition of real property. Colwell Systems, Inc. v. Henson, 117 Ill. App. 3d 113, 116 (1983).

**STATEMENT - OPINION**

    Here, defendants do not contest at this point that they committed a trespass other than to argue that plaintiff abandoned the premises and therefore their entry was lawful. In that regard, defendants contend that because there are questions of material fact as to whether plaintiff abandoned the premises summary judgment is not proper on the claim in Count III.

    The court agrees that there are questions of material fact in that regard.[3] The fact that plaintiff had the electrical service discontinued, that he failed to respond to several emails and telephone calls (including one message), that he did not determine whether his rent check for 2009 had been received or cashed, the condition of the premises being dark and cold, and the condition of the contents, together are sufficient for a trier of fact to reasonably conclude that plaintiff had abandoned the premises at the time defendants entered and removed his belongings.[4] Because there is evidence sufficient to create a material dispute as to defendants' defense of abandonment, plaintiff is not entitled to judgment as a matter of law and his motion for summary judgment as to Count III is accordingly denied.

    <u>Count IV</u>

    In order to recover for conversion in Illinois, a plaintiff must show: (1) a right to the property; (2) an absolute unconditional right to the immediate possession of the property; (3) a demand for possession; and (4) that the defendant wrongfully assumed control, dominion, or ownership over the property. <u>Van Diest Supply Co.</u>, 425 F. 3d at 439. Abandonment of property is a defense to conversion. <u>Bell Leasing Brokerage, LLC v. Roger Auto Service, Inc.</u>, 372 Ill. App. 3d 461, 467 (2007). Property is considered abandoned when the owner, intending to relinquish all rights to the property, leaves it free to be appropriated by any other person. <u>Bell</u> Leasing, LLC, 372 Ill. App. 3d at 467. The question of abandonment is one for the trier of fact. <u>Bell Leasing, LLC</u>, 372 Ill. App. 3d at 467.

    In this case, defendants solely rely on the defense of abandonment in responding to plaintiff's summary judgment motion as to his conversion claim. In that regard, there are sufficient facts to support a jury finding that plaintiff abandoned his personal property located within the premises. The same evidence supporting a potential finding of abandonment as to the premises would support a similar finding regarding the personal property. Additionally, the fact that plaintiff allowed the premises to become so cold as to damage some of his painting supplies furthers this conclusion. Accordingly, because there are questions of material fact as to whether plaintiff abandoned his personal property, summary judgment in his favor on Count IV is denied.

    For the foregoing reasons, the court denies the motion for partial summary judgment in its entirety. The parties are to schedule a settlement conference with the magistrate judge within 30 days of the date of this order. The parties should be prepared to engage in serious settlement negotiations as this litigation should not continue to escalate in terms of time and expense which will further complicate the resolution of this unusual but relatively straightforward case.

---

1. Plaintiff and defendants filed a joint stipulation of dismissal as to this defendant on June 8, 2012 [# 48], and, pursuant to that stipulation, the court ordered Michael Doyle dismissed with prejudice on June 27, 2012.

2. In doing so, the court recognizes that plaintiff is seeking to establish a trespass, in part, on the basis of defendants' alleged violation of the Act.

3. The parties agree that the material issue is actual abandonment as opposed to whether defendants reasonably perceived plaintiff to have abandoned the premises.

4. Additionally, there are questions of material fact as to whether certain of these and other facts relevant to abandonment existed which also precludes summary judgment.