**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| CHRISTIAN K. NARKIEWICZ-LAINE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11 CV 1826 |
| | ) | |
| KEVIN C. DOYLE, PAMELA DOYLE, | ) | The Honorable Frederick J. Kapala |
| JOHN T. DOYLE TRUST A, JOHN T. | ) | |
| DOYLE TRUST B, and JOHN DOES 1-5, | ) | Magistrate Judge Iain Johnston |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S REVISED PROPOSED VERDICT FORM

Note: See authorities listed at the end of this verdict form to support Plaintiff's position that awards of statutory damages under the Copyright Act and actual damages under state law do not constitute an impermissible double recovery.

**COUNT I -- PLAINTIFF'S VISUAL ARTISTS RIGHT ACT CLAIM**

1.  On Plaintiff's claim against Defendants for violation of the **Visual Artists Rights Act ("VARA")**, we find for: **[check one].**

    Plaintiff \_\_\_\_\_      OR   Defendants  _____

    **If you found for Plaintiff against Defendants on Count I, you must answer both Question 2 and Question 3.**

    **If you found for Defendants against Plaintiff on Count I, you must go directly to Question 4.**

2.  What amount of actual damages do you award Plaintiff for violation of VARA?

    Actual Damages for VARA property destroyed by Defendants:

    $_____

3.  As an alternative to actual damages, the Plaintiff may elect to recover statutory damages. The amount of statutory damages must be between $750 and $30,000 for each work of visual art of recognized stature that you found to be destroyed. However, if you find that Defendants willfully infringed Plaintiff's rights under VARA, then you may, but are not required to, increase the statutory damage award to a sum as high as $150,000 per work of visual art. If you find that Defendants innocently infringed Plaintiff's rights under VARA, then you may, but are not required to, reduce the statutory damage award to a sum as low as $200 per work of visual art.

In determining an amount of statutory damages, you must answer questions 3.(a), (b), (c), (d) and (e), below.

    (a)   Did Defendants willfully violate Plaintiff's rights under VARA?
          YES \_\_\_    OR    NO \_\_\_

    (b)   Did Defendants innocently violate Plaintiff's rights under VARA?
          YES \_\_\_    OR    NO \_\_\_

    (c)   How many works of visual art do you find were destroyed?  _____

    (d)   What is the total amount of statutory damages you award to Plaintiff for the works of visual art destroyed?  $_____

(e)     If you answered YES to question 3(a), what is the total amount of the *increase* in the statutory damages, if any, that you included in the award set forth in question (d) above?   $_____

### COUNT III -- PLAINTIFF'S TRESPASS CLAIM    (There is no Count II)

**4.**     On Plaintiff's claim against Defendants for **trespass,** we find for: **[check one].**

Plaintiff  _____     OR   Defendants  _____

### COUNT IV -- PLAINTIFF'S CONVERSION CLAIM

**5.**     On Plaintiff's claim against Defendants for **conversion,** we find for: **[check one].**

Plaintiff  _____     OR   Defendants  _____

### COUNT V -- PLAINTIFF'S NEGLIGENCE CLAIM

**6.**     On Plaintiff's claim against Defendants for **negligence,** we find for: **[check one].**

Plaintiff  _____     OR   Defendants  _____

**7.**     If you found in favor of the Plaintiff against the Defendants on any of the Plaintiff's claims for trespass, conversion or negligence, state the amount of actual damages you award the Plaintiff against the Defendants:

$_____

**Proceed to next page.**

**PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES – Answer only if you found in favor of Plaintiff on Counts III, IV, or V**

8. If you found in favor of Plaintiff and against the John T. Doyle Trust A & B on one of more of the claims for trespass, conversion, or negligence, you should also answer the following questions:

A. Did the acts of the John T. Doyle Trust A & B, which you have found to be trespass, conversion, or negligence, meet the requirements for awarding punitive damages as explained in these instructions?

YES _____          NO _____

**If you answered YES to question 8A, proceed to question 8B.**

**If you answered NO to question 8A, proceed to question 9.**

B. Do you find that Plaintiff should be awarded punitive damages from the John T. Doyle Trust A & B?

YES _____          NO \_\_\_\_\_

**If you answered YES to question 8B, proceed to question 8C.**

**If you answered NO to question 8B, proceed to question 9.**

C. What amount of punitive damages should be awarded to Plaintiff from the John T. Doyle Trust A & B?

$_____

**Proceed to next page.**

**9.**     If you found in favor of Plaintiff and against Kevin Doyle on one of more of the claims for trespass, conversion, or negligence, you should also answer the following questions:

A. Did the acts of the Kevin Doyle, which you have found to be trespass, conversion, or negligence, meet the requirements for awarding punitive damages as explained in these instructions?

YES _____          NO _____

**If you answered YES to question 9A, proceed to question 9B.**

**If you answered NO to question 9A, proceed to question 10.**

B. Do you find that Plaintiff should be awarded punitive damages from Kevin Doyle?

YES _____          NO _____

**If you answered YES to question 9B, proceed to question 9C.**

**If you answered NO to question 9B, proceed to question 10.**

C. What amount of punitive damages should be awarded to Plaintiff from Kevin Doyle?

$_____

**Proceed to next page.**

10. If you found in favor of Plaintiff and against the Pamela Doyle on one of more of the claims for trespass, conversion, or negligence, you should also answer the following questions:

A. Did the acts of the Pamela Doyle, which you have found to be trespass, conversion, or negligence, meet the requirements for awarding punitive damages as explained in these instructions?

YES _____          NO _____

**If you answered YES to question 10A, proceed to question 10B.**

**If you answered NO to question 10A, proceed to the signature page.**

B. Do you find that Plaintiff should be awarded punitive damages from Pamela Doyle?

YES _____          NO \_\_\_\_\_

**If you answered YES to question 10B, proceed to question 10C.**

**If you answered NO to question 10B, proceed to the signature page.**

C. What amount of punitive damages should be awarded to Plaintiff from Pamela Doyle?

$_____

Authorities:

**Awards of statutory damages under the Copyright Act and actual damages for a different cause of action is not double recovery.**

*Nintendo of America, Inc. v. Dragon Pacific Intern.*, 40 F. 3d 1007 (9th Cir. 1994)(Award of both statutory damages under Copyright Act and profits under Lanham Act was not impermissible double recovery against infringer by company which marketed home video games; although selling video game cartridges which included copyrighted games and were marketed under company's trademark was one act, infringer committed two wrongs, and company recovered statutory damages under Copyright Act but recovered actual damages under Lanham Act;

*Gabbanelli Accordions & Imports, L.L.C. v. Gabbanelli*, 575 F.3d 693, 698 (7th Cir. 2009)(stating in dicta, "It is true that if there are separate violations, the fact that they are charged in the same case does not preclude an award of compensatory damages for some of the violations, and statutory damages for others as to which compensatory damages can't be ascertained or are too slight to warrant the expense of determining but deterrence would be served by a money judgment. Cf. *Nintendo of America, Inc. v. Dragon Pacific Int'l,* 40 F.3d 1007, 1010–11 (9th Cir.1994)";

*Microsoft Corp. v. Evans*, 2007 WL 3034661 (E.D. Cal. 2007), report and recommendation adopted, 2007 WL 4209368 (E.D. Cal. 2007) ("A separate award of statutory damages under both the Copyright Act and the Lanham Act was appropriate when a single act violated both statutes because two separate wrongs have been committed");

*Theme Promotions, Inc. v. News Am. Mktg. FSI*, 546 F.3d 991, 1005–06 (9th Cir. 2008) "We have held that one act by a defendant may create two legal harms; where the statutes forbidding the act were enacted for different purposes, and where they prescribe different types of damages, there is no double recovery."

*Lifted Research Group, Inc. v. Behdad, Inc.*, 2010 WL 2662277, at *3 (D.D.C. June 30, 2010)("The majority of courts that have considered this question outside of this jurisdiction, however, have concluded that awarding damages under both the Lanham and Copyright Acts does not constitute double recovery," collecting cases).

*G & G Closed Cir. Events, LLC v. Thao Xuan Vo*, 2012 WL 3638682, at *3 (N.D. Cal. Aug. 22, 2012)(conversion damages and statutory damages for unlawful interception of a telecast is not double recovery, citing cases).

**Signature Page**

**This concludes the verdict form.**

Foreperson:     _____

_____

_____

_____

_____

_____

_____

Dated: _____