# UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS – WESTERN DIVISION

| | | |
|---|---|---|
| CHRISTIAN K. NARKIEWICZ-LAINE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11 CV 1826 |
| | ) | |
| KEVIN C. DOYLE, PAMELA DOYLE, | ) | The Honorable Frederick J. Kapala |
| JOHN T. DOYLE TRUST A, JOHN T. | ) | |
| DOYLE TRUST B, and JOHN DOES 1-5, | ) | Magistrate Judge Iain Johnston |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' RESPONSES TO
## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

| Instruction # | Comments on Plaintiff's Instructions |
|---|---|
| 24 | Objection only as applicable to the affirmative defense of abandonment. The standard should be the preponderance of the evidence, not clear and convincing evidence. See 46. |
| 25 | Objection. The second sentence of Jury Instr. 1.25 should not be deleted. The jury can find Kevin Doyle but not Pam Doyle liable for punitive damages, and should consider them separately. See Defendants' 5. |
| 31 | Objection. See draft instruction marked Defendants' 31A. |
| 32 | Objection. Incomplete. See draft instruction marked Defendants' 32A. |
| 35 | Objection. See draft instruction marked Defendants' 31A. |
| 37 | Objection. See draft instruction marked Defendants' 37A. |
| 38 | Objection. Incomplete. See draft instruction marked Defendants' 38A. |
| 39 | Objection. No Forcible Entry and Detainer Act claim. See Court Order dated December 3, 2012. |
| 40 | Objection. Unnecessary; misstates the law. A lease may terminate by its own terms. A tenant can abandon a leasehold. |
| 41 | Objection. Incomplete. See draft instruction marked Defendants' 41A. |
| 42 | Objection. Incomplete; misstates burden of proof; misstates law on contributory negligence. See draft instruction marked Defendants' 42A. |
| 45 | Objection. Final sentence misstates the law. See 46. |
| 46 | Objection. Misstatement of law. *See*, *Ramirez v. T&H Lemont, Inc.,* 845 F.3d 772, 778 (7th Cir. 2016) ("…unless the governing statute (or in this case, the rule) specifies a higher burden, or the Constitution demands a higher burden because of the nature of the individual interests at stake, proof by a preponderance of the evidence will suffice."); *Jedi's Garden Family Rest., Inc. v. Karuntzos,* No. 88 CV 2106, 1988 WL 71730, at \*1 (N.D. Ill. June 28, 1988) ("acquiescence is an intentional abandonment of trademark rights, and is an affirmative defense to an infringement action… [and] must |

| | | |
|---|---|---|
| | be proved by a preponderance of the evidence"), *citing, Gray v. Campbell Soup Co.,* 231 USPQ 562, 563 (C.D. Cal. 1986); *Ruskin v. Rodgers,* 399 N.E.2d 623, 953 (1st Dist. 1980). See draft instruction marked Defendants' 46A. | |
| 47 | Objection; misleading. See 46. | |
| 48 | Objection; misleading. See 46. | |
| 49 | Objection; misleading. See 46. | |
| 53 | Objection. Incomplete. See draft instruction marked Defendants' 53A. | |

| | |
|---|---|
| **Verdict #A** | Defendants' Proposed Verdict Form |

| Additional Instructions | Description |
|---|---|
| Defendants' 1 | IPI – Civil 1.01 Preliminary Cautionary Instructions |
| Defendants' 2 | 1.31 No Need to Consider Damages Instruction |
| Defendants' 3 | Signing Abandonment Jury Verdict |
| Defendants' 4 | 1.15 Impeachment of Witness - Convictions |
| Defendants' 5 | 1.25 Multiple Defendants |
| Defendants' 6 | 1.26 Dismissed Defendant |
| Defendants' 7 | Punitive Damages |
| Defendants' 8 | 2.11 Impeachment by Conviction of Crime |
| Defendants' 9 | 2.13 Withdrawal of Claims |

Respectfully submitted,

By:        /s/Saskia Nora Bryan
              One of Defendants' Attorneys

Robert S. Minetz - #1925563
Saskia Nora Bryan - #6255682
Latimer LeVay Fyock LLC
Attorneys for Defendants
55 West Monroe Street, Suite 1100
Chicago, Illinois 60603
(312) 422-8000; Fax: (312) 422-8001
rminetz@llflegal.com
sbryan@llflegal.com

Mr. David P. Faulkner
Faulkner Gustafson LLC
6832 Stalter Drive
Rockford, Illinois 61108
815-963-8050; Fax: 815-963-8057
dfaulkner@faulknergustafson.com

n:\clients\60077-01\docs\responses to plaintiff's proposed jury instructions final.docx

# <u>Defendants' Alternate Instructions</u>

## (number corresponds to Plaintiff's proposed instructions)

**Defendants' 31A**

In determining whether works are of recognized stature, protection is afforded only to those works that art experts, the art community, or society in general views as possessing stature.

In order to have a work of art covered by VARA, it must be a work of recognized stature, i.e., it must be a work recognized by the members of the general public or the artist community.

An intentional or grossly negligent destruction of a work of art of recognized stature is a violation of VARA.

It is not sufficient that a plaintiff or his friends, who call themselves artists, state that, in their opinion, a work is of a recognized stature.

There are certain empirical standards that must be established to justifiably call a work of recognized stature – such as the fact that the work must have been exhibited at some point.

Not every artist has rights under VARA, and not everything called "art" is protected by VARA.

If you find that the Defendants honestly thought they were discarding trash, they would not be liable under VARA.

Defendants' Instruction number: _____31A_____

Authority: Court Order dated October 31, 2016 (doc. no. 220, p. 3.)

*Scott v. Dixon*, 309 F. Supp. 2d 395, 400 (E.D.N.Y. 2004)

*Landrau v. Solis Betancourt*, 554 F. Supp. 2d 102, 111 (D. Puerto Rico 2007)

*Nascar v. Scharle*, 356 F. Supp. 2d 515, 528-9 (E.D. Pa. 2005)

*Pollara, 344 F.2d* 265, 269 (2d. Cir. 2003)

*Wager v. Pro,* 603 F.2d 1005, 1009-10 (D.C. Cir. 1979).

W. Prosser, Law of Torts 8, at 31 (1971)

Given Without Objection: _____

Given Over Objection: _____

Given as Modified: _____

Refused: _____

Withdrawn: _____

**Defendants' 32A**

**21.02 Burden of Proof on the Issues—Count I (Violations of the Right of Integrity (Destruction) Under the Visual Artists Rights Act (17 U.S.C. § 106A(a)(3)(B)))**

If you find that the Plaintiff abandoned the property in the space, you do not need to consider this claim.

The Plaintiff brings this action in Count I under the Visual Artists Rights Act. 17 U.S.C. § 106A states:

> (a) Rights of Attribution and Integrity.—Subject to section 107 and independent of the exclusive rights provided in section 106, the author of a work of visual art—
> > (3) subject to the limitations set forth in section 113(d), shall have the right—
> > > (B) to prevent any destruction of a work of recognized stature, and any intentional or grossly negligent destruction of that work is a violation of that right.

To recover on this Count, the Plaintiff has the burden of proving each of the following propositions by a preponderance of the evidence as to each Defendant:

> 1. that Plaintiff is the author of the work;

> 2. that the work is a "work of visual art," as defined by the Visual Artists Rights Act;

> 3. for any works created before June 1, 1991, that Plaintiff held title to that work as of that date;

> 4. that the work was of recognized stature;

> 5. that a Defendant is guilty of a violation of the statute;

> 6. that the Plaintiff's property was destructed as a result of a Defendant's gross negligence or intentional conduct of the statute; and

> 7. that a Defendant's violation of the statute was the proximate cause of monetary damage to the Plaintiff.

You are to consider these propositions as to each Defendant separately.

If you find from your consideration of all the evidence that any of these propositions has not been proved as to any one of the Defendants, then your verdict shall be for that Defendant on this Count. On the other hand, if you find from your consideration of all the evidence that all of

these propositions have been proved as to any one or more of the Defendants, then your verdict shall be for the Plaintiff, and against that Defendant or Defendants on this Count.

On this Count, you can enter a verdict (1) in favor of the Plaintiff and against all the Defendants; (2) in favor of all the Defendants and against the Plaintiff; or (3) in favor of the Plaintiff and against one or more of the Defendants and in favor of one or more of the Defendants and against the Plaintiff.

Defendants' Instruction number: _____32A_____
Authority: Illinois Pattern Jury Instructions – Civil 21.02 (modified)
7th Circuit Pattern Instruction 9.01 (modified)
Given Without Objection: _____
Given Over Objection: _____
Given as Modified: _____
Refused: _____
Withdrawn: _____

**Defendants' 37A**

When I use the term "grossly negligent destruction," I mean the intentional failure to perform a manifest duty, or the intentional performance of an unreasonable act, in reckless disregard of the consequences.

Defendants' Instruction number: _____ 37A _____

Authority:

*Alonso v. Weiss,* 98 F.Supp.3d 956, 967 (N.D. Ill. 2015), adopting definition stated by Fifth Circuit in *In re Smyth,* 207 F.3d at 762, 968 (5th Cir. 2000) as "[t]he intentional failure to perform a manifest duty in reckless disregard of the consequences," *citation omitted, internal quotation marks omitted.*

Most Federal Courts of Appeal adhere to a similar definition:

*IPSCO Tubulars, Inc. v. Ajax TOCCO Magnathermic Corp.,* 779 F.3d 744, 752 (8th Cir. 2015), defining gross negligence as "intentional failure to perform a manifest duty in reckless disregard of the consequences as affecting the life or property of another"), citing, *Doe v. Baum,* 348 Ark. 259, 72 S.W.3d 476, 487 (2002); Black's Law Dictionary 1033 (6th ed.1990).

*Nishiyama v. Dickson County, Tenn.,* 814 F.2d 277, (6th Cir. 1987), *overruled on other grounds,* (holding that a person acts in a grossly negligent way "if he intentionally does something unreasonable with disregard to a known risk or a risk so obvious that he must be assumed to have been aware of it, and of a magnitude such that it is highly probable that harm will follow.")

*U.S. v. Raymonda,* 780 F.3d 105, 123 (2nd Cir. 2015) (equating "gross negligence with recklessness," and defining "it as the kind of conduct ... where [the] defendant has reason to know of facts creating a high degree of risk of physical harm to another and deliberately acts or fails to act in conscious disregard or indifference to that risk."), *internal quote marks and citations omitted.*

Given Without Objection: _____

Given Over Objection: _____

Given as Modified: _____

Refused: _____

Withdrawn: _____

**Defendants' 38A**

**21.02 Burden of Proof on the Issues—Count III (Trespass)**

If you find that the Plaintiff abandoned the property in the space, you do not need to consider this claim.

The Plaintiff brings this action in Count III as a common law trespass claim.

Under Illinois law, a civil claim for trespass to real property is based on an unlawful entry upon another's possession. Put another way, a trespass is an invasion of the exclusive possession and physical condition of real property.

To recover on this Count, the Plaintiff has the burden of proving each of the following propositions by a preponderance of the evidence as to each Defendant:

First, that a Defendant is guilty of an unlawful entry onto the Plaintiff's property.

Second, that the Plaintiff's property was damaged as a result of a Defendant's gross negligence or intentional conduct.

Third, that a Defendant's unlawful entry was the proximate cause of monetary damage to the Plaintiff.

You are to consider these propositions as to each Defendant separately.

If you find from your consideration of all the evidence that any of these propositions has not been proved as to any one of the Defendants, then your verdict shall be for that Defendant on this Count. On the other hand, if you find from your consideration of all the evidence that all of these propositions have been proved as to any one or more of the Defendants, then your verdict shall be for the Plaintiff, and against that Defendant or Defendants on this Count.

On this Count, you can enter a verdict (1) in favor of the Plaintiff and against all the Defendants; (2) in favor of all the Defendants and against the Plaintiff; or (3) in favor of the Plaintiff and against one or more of the Defendants and in favor of one or more of the Defendants and against the Plaintiff.

Defendants' Instruction number: _____38A_____
Authority: Illinois Pattern Jury Instructions – Civil 21.02 (modified) and
Court Order dated December 3, 2012
7th Circuit Pattern Instruction 9.01
*Kelch v. Izard*, 227 Ill.App.3d 180, 187 (5th Dist. 1992); *Colwell Systems, Inc. v. Henson*, 117 Ill.App.3d 113, 116 (4th Dist. 1983); *Van Diest Supply Co.*, 425 F.3d 437, 439 (7th Cir. 2005)
*Bell Leasing, LLC v. Roger Auto Service, Inc.*, 372 Ill.App.3d 461, 467 (1st Dist. 2007)
Given Without Objection: _____
Given Over Objection: _____
Given as Modified: _____
Refused: _____
Withdrawn: _____

**Defendants' 41A**

**21.02 Burden of Proof on the Issues—Count IV (Conversion)**

If you find that the Plaintiff abandoned the property in the space, you do not need to consider this claim.

The Plaintiff brings this action in Count IV as a common law conversion claim.

Illinois law defines an illegal conversion as follows:

In order to recover for conversion in Illinois, a plaintiff must show: (1) a right to the property; (2) an absolute unconditional right to the immediate possession of the property; (3) a demand for possession; and (4) that the defendant wrongfully assumed control, dominion, or ownership over the property.

To recover on this Count, the Plaintiff has the burden of proving each of the following propositions by a preponderance of the evidence as to each Defendant:

First, that a Defendant is guilty of an illegal conversion of the Plaintiff's property based on an unlawful entry into the unit at 123-125 South Main Street, Galena, Illinois.

Second, that the illegal conversion by a Defendant was the proximate cause of monetary damage to the Plaintiff.

You are to consider these propositions as to each Defendant separately.

If you find from your consideration of all the evidence that any of these propositions has not been proved as to any one of the Defendants, then your verdict shall be for that Defendant on this Count. On the other hand, if you find from your consideration of all the evidence that all of these propositions have been proved as to any one or more of the Defendants, then your verdict shall be for the Plaintiff, and against that Defendant or Defendants on this Count.

On this Count, you can enter a verdict (1) in favor of the Plaintiff and against all the Defendants; (2) in favor of all the Defendants and against the Plaintiff; or (3) in favor of the Plaintiff and against one or more of the Defendants and in favor of one or more of the Defendants and against the Plaintiff.

Defendants' Instruction number: _____ 41A _____
Authority: Illinois Pattern Jury Instructions – Civil 21.02 (modified) and
Court Order dated December 3, 2012
*Van Diest Supply Co. v. Shelby County State Bank*, 425 F.3d 437, 439 (7th Cir. 2005)
Given Without Objection: _____
Given Over Objection: _____
Given as Modified: _____
Refused: _____
Withdrawn: _____

**Defendants' 42A**

**IPI B21.02.01 (Modified) Burden of Proof on the Issues – Count V (Negligence)**

If you find that the Plaintiff abandoned the property in the space, you do not need to consider this claim.

The Plaintiff brings this action in Count V as a common law negligence claim.

Negligence is the failure to use the care that a reasonably prudent person would use in the same circumstances. The law does not say how a reasonably prudent person should act. That is for you to decide.

Contributory negligence is negligence on the part of the Plaintiff that proximately contributed to cause the property damage.

To recover on this Count, the Plaintiff has the burden of proving each of the following propositions by a preponderance of the evidence as to each Defendant:

First, that a Defendant acted or failed to act in one of the ways claimed by the Plaintiff and that in so acting, or failing to act, a Defendant was negligent;

Second, that the Plaintiff's property was damaged as a result of a Defendant's unlawful entry into the unit at 123-125 South Main Street, Galena, Illinois;

Third, that the negligence of a Defendant was a proximate cause of monetary damage to the Plaintiff.

If you find that the Plaintiff's contributory negligence was greater than 50% of the total proximate cause of the injury or damage for which recovery is sought, then your verdict shall be for the Defendants.

You are to consider these propositions as to each Defendant separately.

If you find from your consideration of all the evidence that any of these propositions has not been proved as to any one of the Defendants, then your verdict shall be for that Defendant on this Count. On the other hand, if you find from your consideration of all the evidence that all of these propositions have been proved as to any one or more of the Defendants, then your verdict shall be for the Plaintiff, and against that Defendant or Defendants on this Count.

On this Count, you can enter a verdict (1) in favor of the Plaintiff and against all the Defendants; (2) in favor of all the Defendants and against the Plaintiff; or (3) in favor of the Plaintiff and against one or more of the Defendants and in favor of one or more of the Defendants and against the Plaintiff.

Defendants' Instruction number: _____42A_____
Authority: Illinois Pattern Jury Instructions – Civil B21.02.01 (modified) and 11.01
7th Circuit Pattern Instruction 9.01 (modified)
Given Without Objection: _____
Given Over Objection: _____
Given as Modified: _____
Refused: _____
Withdrawn: _____

**Defendants' 46A**

**B21.03 Burden of Proof on the Issues--Affirmative Defense**

In this case Defendants have asserted the Affirmative Defense that the Plaintiff abandoned the property in the apartment.

Property is considered abandoned when the owner, intending to relinquish all rights to the property, leaves it free to be appropriated by any other person.

The Defendants have the burden of proving this Affirmative Defense by a preponderance of the evidence.

If you find from your consideration of all the evidence, that the Defendants' Affirmative Defense has been proved, then your verdict shall be for the Defendants on this defense. On the other hand, if you find from your consideration of all the evidence that the Affirmative Defense has not been proved, then your verdict should be for the Plaintiff on this defense.

Defendants' Instruction number: _____ 46A _____
Authority: 7th Circuit Pattern Jury Instruction 12.7.2 (modified)
Illinois Pattern Jury Instructions – Civil B21.03 (modified)
Court Order dated December 3, 2012
*Bell Leasing, LLC v. Roger Auto Service, Inc.*, 372 Ill.App.3d 461, 467 (1st Dist. 2007)
Given Without Objection: _____
Given Over Objection: _____
Given as Modified: _____
Refused: _____
Withdrawn: _____

**Defendants' 53A**

When I say "statutory damages" under the Visual Artists Rights Act, I mean an amount that you find to be fair under the circumstances. **[Subject to the special conditions below.]** The amount must be between $750 and $30,000 for each work of visual art of recognized stature that you found to be destroyed.

In determining the appropriate amount to award, you may consider the following factors:

- the expenses that Defendant saved and the profits that he earned because of the destruction;

-         the revenues that Plaintiff lost because of the destruction;

-         the difficulty of proving Plaintiff's actual damages;

-         the circumstances of the destruction; and

-         deterrence of future violations.

If Plaintiff proves that any Defendant willfully infringed Plaintiff's rights under the Visual Artists Rights Act, then you may, but are not required to, increase the statutory damage award to a sum as high as $150,000 per work of visual art. An infringement of the Act is considered willful if Plaintiff proves that Defendant knew that the actions constituted infringement of Plaintiff's rights under the Act or acted with reckless disregard of Plaintiff's rights.

If Defendant proves that he innocently infringed Plaintiff's rights under the Visual Artists Rights Act, then you may, but are not required to, reduce the statutory damage award to a sum as low as $200 per copyrighted work. Infringement is considered innocent if Defendant proves that he did not know, and had no reason to know, that their acts constituted infringement of Plaintiff's rights.


Defendants' Instruction number: _____53A_____
Authority: Fed. Civil Jury Instructions of the 7th Cir. 12.8.4 (modified)
Given Without Objection: _____
Given Over Objection: _____
Given as Modified: _____
Refused: _____
Withdrawn: _____

# **Defendants' Proposed Verdict Form A**

**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| CHRISTIAN K. NARKIEWICZ-LAINE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11 CV 1826 |
| | ) | |
| KEVIN C. DOYLE, PAMELA DOYLE, | ) | The Honorable Frederick J. Kapala |
| JOHN T. DOYLE TRUST A, JOHN T. | ) | |
| DOYLE TRUST B, and JOHN DOES 1-5, | ) | Magistrate Judge Iain Johnston |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' PROPOSED VERDICT FORM[1]

**Note: Cases cited at the end are in response to Plaintiff's assertion that he is entitled to both statutory VARA and common law actual damages for the exact same loss of property.**

---

[1] This verdict form is designed so that the Plaintiff will receive a judgment for the correct damages awarded. The Defendants suggest that Court use the following formula for the judgment, so the judgment complies with the applicable law:

actual damages (if applicable) on common law claims     $_____

PLUS (if applicable), Plaintiff's choice of <u>either</u>:     +

actual damages on Count I     $_____
               OR     (pick one)
statutory damages on Count I     $_____

PLUS (if applicable) the larger award of <u>either</u>:     +

punitive damages on common law claims     $_____
               OR     (the larger number)
enhanced statutory damages (question no. 4.(e))     $_____

MINUS (if applicable) the smaller award of <u>either</u>:     -

punitive damages on common law claims     $_____
               OR     (the smaller number)
enhanced statutory damages (question no. 4.(e))     $_____

**VERDICT FOR DEFENDANTS**

1.  Did Defendants meet their burden of proof on the affirmative defense of abandonment?

YES ___    OR   NO ____

**If you answered YES to question 1, proceed to the signature page.**

**If you answered NO to question 1, proceed to question 2.**

**COUNT I -- PLAINTIFF'S VISUAL ARTISTS RIGHT ACT CLAIM**

2.  On Plaintiff's claim against Defendants for violation of the **Visual Artists Rights Act ("VARA")**, we find for: **[check one].**

Plaintiff _____    OR   Defendants _____

**If you found for Plaintiff against Defendants on Count I, you must answer both Question 3 and Question 4.**

**If you found for Defendants against Plaintiff on Count I, you must go directly to Question 5.**

3.  What amount of actual damages do you award Plaintiff for violation of VARA?

Actual Damages for VARA property destroyed by Defendants:

$_____

4.  As an alternative to actual damages, the Plaintiff may elect to recover statutory damages.  The amount of statutory damages must be between $750 and $30,000 for each work of visual art of recognized stature that you found to be destroyed.  However, if you find that Defendants willfully infringed Plaintiff's rights under VARA, then you may, but are not required to, increase the statutory damage award to a sum as high as $150,000 per work of visual art.  If you find that Defendants innocently infringed Plaintiff's rights under VARA, then you may, but are not required to, reduce the statutory damage award to a sum as low as $200 per work of visual art.

In determining an amount of statutory damages, please answer questions 4.(a), (b), (c), (d) and (e), below.

Page **1** of **8**

(a)     Did Defendants willfully violate Plaintiff's rights under VARA?
        YES ___   OR   NO ___

(b)     Did Defendants innocently violate Plaintiff's rights under VARA?
        YES ___   OR   NO ___

(c)     How many works of visual art do you find were destroyed?   _____

(d)     What is the total amount of statutory damages you award to Plaintiff for the works of visual art destroyed?   $_____

(e)     If you answered YES to question 3(a), what is the total amount of the *increase* in the statutory damages, if any, that you included in the award set forth in question (d) above?   $_____

## COUNT III -- PLAINTIFF'S TRESPASS CLAIM    (There is no Count II)

**5.**     On Plaintiff's claim against Defendants for **trespass,** we find for: **[check one].**

       Plaintiff _____     OR   Defendants _____

## COUNT IV -- PLAINTIFF'S CONVERSION CLAIM

**6.**     On Plaintiff's claim against Defendants for **conversion,** we find for: **[check one].**

       Plaintiff _____     OR   Defendants _____

## COUNT V -- PLAINTIFF'S NEGLIGENCE CLAIM

**7.**     On Plaintiff's claim against Defendants for **negligence,** we find for: **[check one].**

       Plaintiff _____     OR   Defendants _____

8.     If you found in favor of the Plaintiff against the Defendants on any of the Plaintiff's claims for trespass, conversion or negligence, state the amount of actual damages you award the Plaintiff against the Defendants, but do not include any award for any damages, actual or statutory, for any property that you included in a damage award to Plaintiff under Count I for VARA.

                        $_____

n:\clients\60077-01\docs\defendants proposed verdict form final.docx

**PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES – Answer only if you found in favor of Plaintiff on Counts III, IV, or V**

9.  If you found in favor of Plaintiff and against Kevin Doyle on one of more of the claims for trespass, conversion, or negligence, you should also answer the following questions:

    A.  Did Plaintiff meet his burden of proof that the acts of the Kevin Doyle, which you have found to be trespass, conversion, or negligence, meet the requirements for awarding punitive damages as explained in these instructions?

    YES _____          NO _____

    **If you answered NO to question 9A, proceed to question 10.**

    B.  If you answered YES to question 9A, do you find that Plaintiff should be awarded punitive damages from Kevin Doyle?

    YES _____          NO \_\_\_\_\_

    **If you answered NO to question 9B, proceed to question 10.**

    C.  If you answered YES to question 9B, what amount of punitive damages should be awarded to Plaintiff from Kevin Doyle?

    $_____

**10.**  If you found in favor of Plaintiff and against Pamela Doyle on one of more of the claims for trespass, conversion, or negligence, you should also answer the following questions:

    A.  Did Plaintiff meet his burden of proof that the acts of the Pamela Doyle, which you have found to be trespass, conversion, or negligence, meet the requirements for awarding punitive damages as explained in these instructions?

    YES _____          NO _____

    **If you answered NO to question 10A, proceed to the signature page.**

    B.  If you answered YES to question 10A, do you find that Plaintiff should be awarded punitive damages from Pamela Doyle?

Page **3** of **8**

YES _____        NO \_\_\_\_\_

**If you answered NO to question 10B, proceed to the signature page.**

C. If you answered YES to question 10B, what amount of punitive damages should be awarded to Plaintiff from Pamela Doyle?

$_____

Page **4** of **8**

**Signature Page**

**This concludes the verdict form.**

Presiding Juror: _____

_____

_____

_____

_____

_____

_____

Dated: _____

n:\clients\60077-01\docs\defendants proposed verdict form final.docx

**The Plaintiff contends that "Awards of statutory damages under the Copyright Act and actual damages for a different cause of action is not double recovery." This contention is wrong.**

The Court in *Nintendo of America, Inc. v. Dragon Pacific Intern*, 40 F.3d 1007 (9th Cir. 1994), held that the acts that gave rise to an award of statutory copyright infringement damages and an award of actual trademark infringement "were not, as Sheng suggests, based on the same wrongful act." 40 F.3d at 1011. The Court affirmed the damage awards because "Sheng *committed two separate violations*:" trademark violation and copyright violation, which are two different injuries. *Id.,* at 1011, *emphasis added*.

In this case, the Plaintiff complains that the Defendants are guilty of a single wrongful act: wrongful destruction of his property. Thus, *Nintendo* is distinguishable.

The United States Court of Appeals, Federal Circuit, in *Aero Products International, Inc. v. Intex Recreation Corp.*, 466 F.23d 1000, 80 U.S.P.Q.2d 1481 (2006), explained the law as follows:

> Generally, the double recovery of damages is impermissible. *[citations omitted]*. … In *Bowers,* we recognized that double recovery for the same injury is inappropriate. 320 F.3d at 1327–28. We explained that "[t]he law is clear that the jury may award separate damages for each claim, 'leaving it to the judge to make appropriate adjustments to avoid double recovery.' " *Id.* (quoting *Britton v. Maloney,* 196 F.3d 24, 32 (1st Cir.1999)). We held in *Bowers* that the trial court did not abuse its discretion by allowing the jury to award damages for copyright and contract claims for the same cause of action and then omitting the duplicative copyright damages. *Id.* at 1328 ("In this case, the breach of contract damages arose from the same copying and included the same lost sales that form the basis for the copyright damages. The district court, therefore, did not abuse its discretion by omitting from the final damage award the duplicative copyright damages.").

The Court in *Theme Promotions, Inc. v. News Am. Mktg. FSI*, 546 F.3d 991, 1005-06 (9th Cir. 2008), explained:

> The general rule of compensatory damages bars double recovery for the same wrong. *Krusi v. Bear, Stearns, & Co.,* 144 Cal.App.3d 664, 192 Cal.Rptr. 793, 798 (1983). The California Supreme Court has held that a plaintiff is not entitled to more than a single recovery for each distinct item of compensable damage supported by the evidence. *Tavaglione v. Billings,* 4 Cal.4th 1150, 17 Cal.Rptr.2d 608, 847 P.2d 574, 580 (1993). We have held that one act by a defendant may create two legal harms; where the statutes forbidding the act were enacted for different purposes, and where they prescribe different types of damages, there is no double recovery. *Nintendo of Am., Inc. v. Dragon Pac. Int'l,* 40 F.3d 1007, 1011 (9th Cir.1994).

Page **6** of **8**

This case does not involve two separate legal harms. The Plaintiff seeks damages for the destruction of his property. The alleged infringement *is* the destruction; it is not a separate legally compensable injury.

The Plaintiff only cites some of the language from the opinion in *Gabbanelli Accordions & Imports, L.L.C. v. Gabbanelli*, 575 F.3d 693, 698 (7th Cir. 2009), and ignores the holding.  The Court in *Gabbanelli* stated:

> However, statutory damages for use of counterfeit trademarks may be awarded only in cases in which compensatory damages are not awarded for the same violation. 15 U.S.C. §§ 1117(c), (d); *Derek Andrew, Inc. v. Poof Apparel Corp.,* 528 F.3d 696, 699 (9th Cir.2008); *Twin Peaks Productions, Inc. v. Publications Int'l, Ltd.,* 996 F.2d 1366, 1380–82 (2d Cir.1993). It is true that if there are separate violations, the fact that they are charged in the same case does not preclude an award of compensatory damages for some of the violations, and statutory damages for others as to which compensatory damages can't be ascertained or are too slight to warrant the expense of determining but deterrence would be served by a money judgment. Cf. *Nintendo of America, Inc. v. Dragon Pacific Int'l,* 40 F.3d 1007, 1010–11 (9th Cir.1994). But this is not such a case. Both the lost profits, which are compensatory damages, and the statutory damages pertain to the same accordions that Italian Gabbanelli sold in violation of American Gabbanelli's trademark rights. …The damages award must therefore be vacated.

This case is directly on point with *Gabbanelli.*

Plaintiff seeks a double recovery. If the jury awards the Plaintiff $1,000 in statutory damages for a destroyed painting under his VARA Count I, and an award of $1,000 on his conversion Count III *for the same painting*, the Plaintiff should receive $1,000. The loss of the painting was found to be worth $1,000, regardless of whether that loss is categorized as infringement or conversion.  Under the Plaintiff's current verdict form, he wants $1,000 for the painting on Count I and an additional $1,000 *for the same painting* on the common law counts, for a total of $2,000. This is not permissible.

# **Defendants' Additional Instructions**

**Defendants' 1**

**1.01 Preliminary Cautionary Instructions**

Your verdict must not be based upon speculation, prejudice, or sympathy. Each party, whether a Trust or an individual, should receive your same fair consideration.

You will decide what facts have been proven. Facts may be proven by evidence or reasonable inferences drawn from the evidence. Evidence consists of the testimony of witnesses and of exhibits admitted by the court. You should consider all the evidence without regard to which party produced it. You may use common sense gained from your experiences in life, in evaluating what you see and hear during trial.

You are the only judges of the credibility of the witnesses. You will decide the weight to be given to the testimony of each of them. In evaluating the credibility of a witness, you may consider that witness' ability and opportunity to observe, memory, manner, interest, bias, qualifications, experience, and any previous inconsistent statement or act by the witness concerning an issue important to the case.

You should not do any independent investigation or research on any subject relating to the case. What you may have seen or heard outside the courtroom is not evidence. This includes any press, radio, or television programs and it also includes any information available on the Internet. Such programs, reports, and information are not evidence and your verdict must not be influenced in any way by such material.

For example, you must not use the Internet, including Google, Wikipedia, or any other sources that you might use every day, to search for any information about the case, or the law which applies to the case, or the people involved in the case, including the parties, witnesses, lawyers, and judge.

During the course of the trial, do not discuss this case with anyone--not even your own families or friends, and also not even among yourselves--until at the end of the trial when you have retired to the jury room to deliberate on your verdict. Even though this is hard to do, it will be a violation of these instructions and your oath if you discuss the case with anyone else.

You must not provide any information about the case to anyone by any means at all, and this includes posting information about the case, or your thoughts about it, on any device or Internet site, including blogs or chat-rooms, or any social-networking websites, such as Twitter, Facebook, Google+, or any other means.

You cannot use any electronic devices or services to communicate about this case, and this includes cell-phones, smart-phones, lap-tops, tablets, the Internet, and any other tools of technology. The use of any such devices or services in connection with your duties is prohibited.

You cannot use any electronic devices or services to communicate about this case, and this includes cell-phones, smart-phones, lap-tops, the Internet, or any form of social media, such as Facebook, Twitter, Snapchat, Instagram, etc., and any other tools of technology. The use of any such devices or services in connection with your duties is prohibited.

Defendants' Instruction number: _____1_____
Authority: Illinois Pattern Jury Instructions – Civil 1.01 (modified)
Given Without Objection: _____
Given Over Objection: _____
Given as Modified: _____
Refused: _____
Withdrawn: _____

**Defendants' 2**

**1.31 No Need to Consider Damages Instruction**

       If you decide for the Defendants on the question of liability, you will have no occasion to consider the question of damages.

Defendants' Instruction number: _____2_____
Authority: Fed. Civil Jury Instructions of the 7th Cir. 1.31 (modified)
Given Without Objection: _____
Given Over Objection: _____
Given as Modified: _____
Refused: _____
Withdrawn: _____

**Defendants' 3**

If you find from your consideration of all of the evidence that the Plaintiff abandoned the property at issue, then your deliberations will be over. You should all then sign the verdict form and advise the Marshall that your deliberations are complete.

Defendants' Instruction number: _____3_____
Authority: 7th Circuit Pattern Jury Instruction 12.7.2 (modified)
Illinois Pattern Jury Instructions – Civil B21.03 (modified)
Court Order dated December 3, 2012
*Bell Leasing, LLC v. Roger Auto Service, Inc.*, 372 Ill.App.3d 461, 467 (1st Dist. 2007)
Given Without Objection: _____
Given Over Objection: _____
Given as Modified: _____
Refused: _____
Withdrawn: _____

**Defendants' 4**

### 1.15  Impeachment of Witness — Convictions

You have heard evidence that the Plaintiff, Christian Narkiewicz-Laine, has been convicted of a crime. You may consider this evidence only in deciding whether his testimony is truthful in whole, in part, or not at all. You may not consider this evidence for any other purpose.

Defendants' Instruction number: _____4_____
Authority: Fed. Civil Jury Instructions of the 7th Cir. 1.15 (modified)
Given Without Objection: _____
Given Over Objection: _____
Given as Modified: _____
Refused: _____
Withdrawn: _____

**Defendants' 5**

**1.25  Multiple Defendants**

You must give separate consideration to each party in this case.  Although there are three defendants, it does not follow that if one is liable for punitive damages, any of the others is also liable.

Defendants' Instruction number: _____5_____
Authority: Fed. Civil Jury Instructions of the 7th Cir. 1.25 (modified)
Given Without Objection: _____
Given Over Objection: _____
Given as Modified: _____
Refused: _____
Withdrawn: _____

**Defendants' 6**

**1.26  Dismissed Defendant**

      Michael W. Doyle is no longer a Defendant in this case.  You should not consider any claims against Michael W. Doyle.  Do not speculate on the reasons.  You should decide this case as to the remaining parties.

Defendants' Instruction number: _____6_____
Authority: Fed. Civil Jury Instructions of the 7th Cir. 1.26 (modified)
Given Without Objection: _____
Given Over Objection: _____
Given as Modified: _____
Refused: _____
Withdrawn: _____

**Defendants' 7**

Punitive damages should not be awarded for mere inadvertence, mistake, errors of judgment, and the like, which constitute ordinary negligence.

Punitive damages may be awarded only if there is clear and convincing evidence that the defendant acted with malice, fraud, gross negligence, or oppressiveness which was not the result of a mistake of fact or law, honest error or judgment, overzealousness, mere negligence, other human failing.

Defendants' Instruction number: _____7_____
Authority: *Cruthis v. Firstar Bank, N.A.,* 822 N.E.2d 454, 464-655 (5th Dist. 2004)
*Erie Ins. Co. v. Hickman,* 622 N.E.2d 515, 520 (Ind. 1993), *quoted in, Brewer v. Wal-Mart Stores, Inc.,* 87 F.3d 203, 207 (7th Cir. 1996)
Given Without Objection: _____

Given Over Objection: _____

Given as Modified: _____

Refused: _____

Withdrawn: _____

**Defendants' 8**

### 2.11 Impeachment by Conviction of Crime

You have heard evidence that the Plaintiff, Christian Narkiewicz-Laine, has been convicted of a crime(s). You may use that evidence only to help you decide whether to believe the witness and how much weight to give his testimony.

Defendants' Instruction number: _____8_____
Authority: Fed. Civil Jury Instructions of the 7th Cir. 2.11
Given Without Objection: _____
Given Over Objection: _____
Given as Modified: _____
Refused: _____
Withdrawn: _____

**Defendants' 9**

**2.13  Withdrawal of Claims**

Michael W. Doyle is no longer a defendant in this case. You should not consider any claims against him.  Do not speculate on the reasons. Your focus must be on the remaining parties.

Defendants' Instruction number: _____9_____
Authority:  Fed. Civil Jury Instructions of the 7th Cir. 2.13
Given Without Objection: _____
Given Over Objection: _____
Given as Modified: _____
Refused: _____
Withdrawn: _____