**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| CHRISTIAN K. NARKIEWICZ-LAINE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11 CV 1826 |
| | ) | |
| KEVIN C. DOYLE, PAMELA DOYLE, | ) | The Honorable Frederick J. Kapala |
| JOHN T. DOYLE TRUST A, JOHN T. | ) | |
| DOYLE TRUST B, and JOHN DOES 1-5, | ) | Magistrate Judge Iain Johnston |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S POSITION PAPER ON THE JURY VERDICT**

Plaintiff, through his counsel, Davis McGrath LLC, hereby submits this position paper on

the jury verdict returned on October 3, 2017. In support of his position, Plaintiff states as

follows:

1. Under 17 U.S.C. § 504(c)(1), the prevailing plaintiff in a claim under the Visual Artists Rights

Act "may elect, at any time before final judgment is rendered" to recover statutory damages rather

than actual damages. In response to Question 3 on the Verdict Form, the jury awarded to plaintiff

statutory damages in the amount of $120,000. In response to Question 2, the jury awarded actual

damages in the same amount. Plaintiff hereby elects statutory damages for Count I under VARA

instead of actual damages awarded under Count I.

2. Judgment should be for $120,000.00 of statutory damages for Count I per question 3 on the

Verdict Form, plus $300,000.00 for Counts III, IV, and V as stated in question 8 on the Verdict Form.

The total award is $420,000.00, and Plaintiff requests the Court to enter judgment in that amount.

3. There is no double recovery between the VARA Count I and the common law counts III, IV,

an V, in which the jury awarded $300,000 of actual damages. First, Plaintiff has elected to recover

statutory damages under VARA, not actual damages, so there is no overlap. Equally important is that VARA is an entirely different type of claim than the common law counts, and damages under the Act address entirely different types of injuries. The purpose of VARA is to protect an artist's right of integrity, honor and reputation, and the preservation of art. This is inherently different from common law trespass, conversion, and negligence claims. VARA is a statute designed to protect an artist's "moral rights." It was enacted in order for the United States to be compliant with the Berne Convention, an international copyright treaty that requires member states to provide protection for moral rights of artists. As explained by the Seventh Circuit in *Kelley v Chicago Park District*, 635 F.3d 290, 296-98 (7th Cir. 2011), the moral rights covered by VARA are the "right of attribution" and the "right of integrity." Only the latter is involved in this case. The right of integrity includes "the artist's right to prevent modification, mutilation, or distortion of his work, and in some cases (if it is of recognized stature), to prevent its destruction." Id. at 296, citing *Carter v. Helmsley-Spear, Inc.*, 71 F.3d 77, 81-82 (2d Cir. 1995).

4. The *Kelley* case explains the unique nature of a VARA case: "moral rights….are understood as rights inhering in an artist's personality, transcending property and contract rights and existing independently of the artists economic interest in his work." 635 F.3d at 296. The court further explains that VARA rights "are grounded in philosophical ideas about the intrinsic nature and cultural value of art rather than the natural-property or utility justifications." Because of the vast difference in the nature of the VARA claims and the common law claims, the injury suffered is not the same, and the award of statutory damages (or even actual damages, if they had been elected) are not duplicative of the actual damages awarded in Counts III, IV, and V.

2

5. When additional claims in a copyright case have a different purpose or nature, courts have recognized that it is proper to recover statutory damages for the copyright claim and also actual damages for the other claims.

6. The leading case for this principle is *Nintendo of America, Inc. v. Dragon Pacific Intern.,* 40 F.3d 1007 (9th Cir. 1994), where a single act of selling counterfeit video games constituted two separate violations -- copyright infringement and trademark infringement. The court allowed plaintiff to recover both statutory damages for the copyright infringement and actual damages for the trademark infringement. The *Nintendo* case was cited approvingly by the Seventh Circuit in *Gabbanelli Acordians & Imports, L.L.C. v. Gabbanelli,* 575 F. 3d 6963 (7th Cir. 2009), stating "It is true that if there are separate violations, the fact that they are charged in the same case does not preclude an award of compensatory damages for some of the violations, and statutory damages for others as to which compensatory can't be ascertained or are too slight to warrant the expense of determining but deterrence would be served by a money judgment." See also, *G & G Closed Cir. Events, LLC v. Thao Xuan Vo,* 2012 WL 3638682, at *3 (N.D. Cal. Aug. 22, 2012) (actual damages for conversion and statutory damages for unlawful interception of a telecast is not double recovery); *Hillmann v. City of Chicago,* 66 F. Supp. 3d 1109, 1120-22 (N.D. Ill. 2014) (finding that it would be inappropriate to deduct workers' compensation award from award for lost pension benefits where there is no overlap in purpose between the two awards).

7. The instructions to the jury also show that the considerations for awarding statutory damages are different than those for awarding actual damages. In Instruction No. 44, the jury was told it could consider a variety of factors different than those identified in the instruction for actual damages for the common law counts (Instruction No. 45). The statutory damage instruction allows considerations such as expenses saved or profits gained because of the destruction, the circumstances of the

destruction, and deterrence. None of those factors appears in the common law instruction, which focuses on the fair market value. Statutory damages in copyright cases need not be based on actual damages and are specifically designed to allow a recovery where there are no actual damages or where they may be difficult to ascertain. *Chi-Boy Music v. Charlie Club, Inc.,* 930 F.2d 1224 (7th Cir. 1991); *F.E.L. Publications, Ltd. v. Catholic Bishop of Chicago,* 754 F.2d 216 (7th Cir. 1985).

8. The fact that the jury awarded the same amount for actual damages on the VARA count as the statutory damages on that count does not mean they are the same thing. This is seen in the different considerations in Instruction 43 (VARA actual damages) and Instruction 44 (VARA statutory damages).

9. Nothing in the jury's verdict leads ineluctably to the conclusion that there was double counting. Where a rational basis for this decision exists, the views of the jury should not be substituted. *Haluschak v. Dodge City of Wauwatosa, Inc.,* 909 F. 2d 254, 258 (7th Cir. 1990). "Jury verdicts are interpreted so as to avoid inconsistency whenever possible." *Rinaldi v. World Book, Inc.,* 2002 WL 172449 (N.D. Ill. Feb. 4, 2002) (judgment amended to provide that the plaintiffs are entitled to recover actual damages under their Title VII and EPA claims, where jury found in in favor of plaintiffs under each claim but awarded actual damages under only one claim, where such damages are identical). The jury's award of VARA statutory damages plus actual damages on the common law counts is not contrary to the instructions and is not inconsistent or irreconcilable, and should not be disturbed. There is a strong presumption in favor of preserving a jury verdict. *Gentile v. County of Suffolk*, 926 F.2d 1422, 154 (2d Cir. 1991). "A court's role is to reconcile and preserve whenever possible a seemingly inconsistent jury verdict." *Indu Craft, Inc. v. Bank of Baroda*, 47 F.3d 490, 497 (2d Cir. 1995). Even the actual damages in the VARA count are not necessarily duplicative of the

4

actual damages of the common law counts. The jury may have excluded the four VARA works they found from their determination of the damages under the common law counts.

10. Defendants did not object to the final damages instructions or to the final verdict form. In fact, the proposed formula in Defendants' proposed verdict form does not require that actual or statutory damages from the VARA count be deducted from the common law actual damages. See, Dkt. 243-20, p. 15, where the Defendants propose a proper formula for judgment as actual damages on common law claims PLUS Plaintiff's choice of either VARA actual damages or VARA statutory damages. The only deductions under Defendants' formula to avoid duplicative recovery are for the overlap between punitive damages (on the common law claims) and enhanced (willful) statutory damages on the VARA claims. Neither of those types of increased damages were awarded by the jury.

11. By not raising the assertion of double recovery before the jury was dismissed, the defendants have waived the objection. *Barnes v. Brown*, 430 F.2d 578, 580 (7th Cir. 1970); *Candiff v. Washburn*, 393 F.2d 505 (7th Cir. 1968).

Dated: October 10, 2017                                    Respectfully submitted,


                                                           By:  /s/ William T. McGrath
                                                                One of his attorneys


James H. Wolf                                              William T. McGrath
James M. Wolf                                             DAVIS McGRATH LLC
WOLF & TENNANT                                            125 South Wacker Drive, Suite 1700
33 N. Dearborn, Suite 800                                Chicago, IL 60606
Chicago, IL 60602                                        312-332-3033
312-739-0300

5

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned attorney, certify that this Motion was served on the following by electronic transmission through the Court's ECF system on October 10, 2017:

Robert S.Minetz – rminetz@llflegal.com
Saskia N. Bryan – sbryan@llflegal.com
David P. Faulkner – klang@faulknergustafson.com

Respectfully submitted,
By: /s/William T. McGrath
One of Plaintiff's Attorneys

William T. McGrath
Amy T. Adler
DAVIS McGRATH LLC
125 South Wacker Drive
Suite 1700
Chicago, IL 60606
312-332-3033

6