UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS – WESTERN DIVISION

| | | |
|---|---|---|
| CHRISTIAN K. NARKIEWICZ-LAINE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11 CV 1826 |
| | ) | |
| KEVIN C. DOYLE, PAMELA DOYLE, | ) | Honorable Frederick J. Kapala |
| JOHN T. DOYLE TRUST A, JOHN T. | ) | |
| DOYLE TRUST B, and JOHN DOES 1-5, | ) | Magistrate Judge Iain Johnston |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' BRIEF IN SUPPORT OF THEIR POSITION
ON WHO SHOULD BE DEEMED A PREVAILING PARTY**

Defendants, Kevin C. Doyle, Pamela Doyle, John T. Doyle Trust A, and John T. Doyle Trust B, by their attorneys, Robert S. Minetz and Saskia Nora Bryan of Latimer LeVay Fyock LLC, along with David P. Faulkner of Faulkner Gustafson LLC, pursuant to 17 U.S.C. §505, submit this brief in support of their position as to who, if anyone, should be considered a prevailing party in this case. In support of their position, Defendants state as follows:

**I.      Factual Background**

Plaintiff's Complaint included a Count under the Visual Artists Rights Act of 1990, 17 U.S.C. §106A ("VARA"), alleging infringement (in the form of destruction) of 1,457 individual pieces of "works of art" of a "recognized stature," as those terms are defined by VARA. (Pl. trial ex. 36.) Determination of this claim required the jury to decide:  (i) whether any of the items the jury found were destroyed by Defendants was, in fact, a VARA-protected work; (ii) if so, how many such items met that definition; and (iii) what the actual and statutory damages were for each such VARA-protected work. The jury instructions and verdict form specifically reflected these necessary, independent inquiries.

Page **1** of **11**

Each of these determinations was crucial to reaching a verdict under the VARA Count. Plaintiff did not have a generalized claim for copyright infringement, based on one work that had been allegedly reproduced or used without permission. He had 1,457 independent claims, each one with its own statutorily mandated damages range. In fact, in the jury instructions specifically advocated by Plaintiff (and ultimately adopted by this Court), the jury was *required* to award statutory damages in the range mandated by VARA for each work of art they found had been destroyed. That range could change depending on whether the jury found "willful" or "innocent" violations. The determination had to be made for each and every item Plaintiff claimed.

On October 3, 2017, the jury held that, of the 1,457 items claimed by Plaintiff, only four (4) were works of art of a recognized stature destroyed by the Defendants. The jury then awarded actual and statutory damages in the same amount: a total of $120,000 for all four pieces. The jury verdict reflected that the jury did not find either a willful or an innocent violation, putting the statutory range of damages at $750 to $30,000. Because they awarded $120,000 for four works, the only logical conclusion is that they awarded the highest amount in the range ($30,000) for the four VARA-protected items.

## II.     Legal Standards

The Copyright Act, 17 U.S.C. §505, of which VARA is a subset, provides:

> § 505. Remedies for infringement: Costs and attorney's fees.
>
> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

Defendants, as well as plaintiffs, may be deemed prevailing parties and recover fees under the statute. *See*, *e.g.*, *Riviera Distribs, Inc. v. Jones*, 517 F.3d 926, 928 (7th Cir. 2008).

The United States Supreme Court ruled on whether a party can be considered "prevailing" in the case of *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.,* 121 S. Ct. 1835 (2001). The Supreme Court held in that case that "enforceable judgments on the merits and court-ordered consent decrees create the 'material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees." As a result, a party may only be deemed prevailing (and thus entitled to such attorney's fees under various statutes) "where the [party] received a judgment on the merits … or obtained a court-ordered consent decree." *Id.* at 1840.

The *Buckhannon* standard has been followed and referenced in the Seventh Circuit, notably in *Walker v. Calumet City, Ill.,* 565 F.3d 1031, 1033 (7th Cir. 2009), which further interpreted the standard to mandate that the "material alteration" in the relationship must arise from a court order. Essentially, any judgment in which the defendant "wins," whether by dismissal with prejudice, summary judgment, or a trial on the merits in the defendant's favor, results in a material alteration and renders the defendant a prevailing party. *Riviera Distribs.,* at 928. Finally, Defendants who defeat a copyright infringement action are entitled to a strong presumption in favor of a grant of fees. *Mostly Memories, Inc. v. For Your Ease Only, Inc.,* 526 F.3d 1093, 1099 (7th Cir. 2008).

## III.    Argument

While all Plaintiff's VARA claims were enumerated under one Count at the time of trial, he actually asserted 1,457 separate, independent infringement causes of action. Each of those claims had to be analyzed and decided by the jury – a task reflected in both the fact that deliberations lasted for hours, and the fact that the enumerated jury verdict is completely consistent with the instructions, the law, and basic mathematics. Defendants won 1,453 of those

Page **3** of **11**

n:\clients\60077-01\docs\brief in support of position on prevailing parties final.docx

claims. The jury entered a verdict that specifically rejected the claims of Plaintiff that those items were protected under VARA, and/or were destroyed by Defendants.

The judgment on the verdict, entered on December 13, 2017 (doc. no. 281), is therefore a court order that materially alters the legal relationship of the parties. Just as now the Defendants are legally obligated to pay the judgment (an amount which Defendants have already tendered), Plaintiff can no longer legally claim any further VARA damages for the 1,453 other items. The judgement on the verdict renders Defendants the prevailing party for those claims.

### A.      *Neither party truly prevailed on the VARA claims.*

The Plaintiff prevailed on four of his VARA claims. In so doing, he received the top amount of the statutorily-possible damages ($30,000 per work). The total judgment on the VARA claims, $120,000, is more than what would reasonably be characterized as nuisance value. However, the Defendants prevailed on 1,453 of the VARA claims. The jury determined that those items claimed by Plaintiff were either not destroyed by Defendants, or not protected by VARA – either way, Plaintiff lost on the merits of his claims for those items. It is not just that Plaintiff received no damages, or a nominal sum for those items; Plaintiff *lost* those claims. This is a clear, unequivocal victory for Defendants.

In light of this division, Defendants respectfully suggest that neither party should be deemed a prevailing party under VARA. Defendants have done several comprehensive searches on this issue and have turned up somewhat limited case law on this exact scenario:  where both parties have received an actual judgment on the merits of claims asserted under the Copyright Act. Case law on this particular issue appears fairly sparse.

In the matter of *ARP Films, Inc. v. Marvel Entertainment Group, Inc.,* 952 F.2d 643, 651 (2nd Cir. 1991), the Appellate Court affirmed a District Court determination, in a copyright

n:\clients\60077-01\docs\brief in support of position on prevailing parties final.docx

licensing dispute, not to award fees or costs to either side where both parties substantially prevailed on the various claims at issue. The Court there deferred to the discretion of the District judge, agreeing that he was within his right to determine that "plaintiffs were not prevailing parties within the meaning of section 505 or Fed. R .Civ. P. 54(d)," where it also determined that "neither party is the prevailing party." *Id.* at 648, 651. While there is little analysis in the Second Circuit's opinion, the factual position of the parties (the plaintiff won $1,220,000; the defendant won partial summary judgment and jury verdicts on at least half of the claims at issue, as well as an award of $137,000) and the applicability of the Copyright Act are on all fours with the case at hand. Accordingly, this is an important precedent, and supports a determination in this matter that neither party prevailed.

Similarly, in the case of *Warner Bros. Inc. v. Dae Rim Trading, Inc.,* 877 F.2d 1120, 1126 (2nd Cir. 1989), the Second Circuit in a copyright case reversed an award of fees to the defendants after plaintiff voluntarily dismissed the "main" claim it had asserted and received a minimal award at trial on the remaining claim. Holding that "when viewed in the light of the litigation as a whole, neither [plaintiff's nor defendant's] success was sufficiently significant to mandate an award of attorneys' fees," the Court ruled that there was no "prevailing party" as a matter of law. *Id.* Although that matter involved more failures than successes (the plaintiff's lone victory was *de minimus*, and the defendant's victory was not at trial but a voluntary dismissal), the analysis still supports a finding that where there is a significant split in the overall outcome between two litigants, neither should be deemed to have prevailed.

There are a line of cases that essentially deem the plaintiff a prevailing party if he succeeds on *any* part of his claim. *See, e.g., United States v. Mitchell,* 580 F.2d 789, 793 (5th Cir.1978), *superseded by statute on other grounds*, 42 U.S.C. § 3614 (Fair Housing Act); *Barber*

*v. T.D. Williamson, Inc.,* 254 F.3d 1223, 1234 (10th Cir.2001) (state employment discrimination actions); *Lytle v. Comm'rs of Election of Union Cty.,* 541 F.2d 421, 425 n. 6 (4th Cir.1976) (Voting Rights Act of 1965). However, all of these cases decided at the Circuit Court level involve civil rights or similar causes of action, not Copyright Act claims. One case from the Southern District of Texas followed these precedents in a Copyright Act claim, awarding the plaintiff its fees even though the defendant had prevailed on three of the four asserted claims. *Tempest Publishing, Inc. v. Hacienda Records*, 141 F. Supp. 3d 712, 719 (S.D. Tex. 2015).

Applying this reasoning to this case, however, ignores the fact that, under the Copyright Act, the Supreme Court has specifically mandated that "[p]revailing plaintiffs and prevailing defendants are to be treated alike." *Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 534 (1994). In so ruling, the Supreme Court specifically *rejected* the argument that plaintiffs should be afforded greater relief than defendants in terms of awarding fees, *despite that being a typical precedent in civil rights cases. Id.* at 525 ("respondent's argument based on our fee-shifting decisions under the Civil Rights Act must fail"). Respectfully, therefore, the Texas District Court decision should not be followed in this instance. The cases relied upon by that Court (most of which are outlined above) all deal with civil rights-style issues, and its reasoning is directly contrary to the Supreme Court mandate that defendants and plaintiffs be treated equally under the Copyright Act.

In this case, Defendants were successful in defeating 1,453 Copyright Act claims. Their victory should not be treated as any different from Plaintiff's successful verdict on four of those claims. *See also, Assessment Techs. of WI, LLC, v. WIREdata, Inc.,* 361 F.3d 434, 436 (7th Cir. 2004) ("unlike civil rights suits, where[,] while a prevailing plaintiff is presumptively entitled to an award of fees[,] a prevailing defendant is entitled to such an award only if the suit was

groundless, … in copyright suits 'prevailing plaintiffs and prevailing defendants are to be treated alike'"), *citations omitted, quoting Fogerty,* at 534.

Other cases in this District that do not involve copyright claims similarly support Defendants' position. *See, e.g., Landau & Cleary, Ltd. v. Hribar Trucking, Inc.,* 807 F.2d 91, 94 (7th Cir.1986) ("In light of the fact that both parties prevailed on one or another of the claims, it was within the district court's sound discretion not to award [the plaintiff] costs."); *Thorncreek Apartments I, LLC v. Village of Park Forest,* 123 F. Supp. 3d 1012, 1016 (N.D. Ill. 2013); *Wells v. City of Chicago,* 925 F. Supp. 2d 1036, 1050 (N.D. Ill. 2015). Finally, one Memorandum Opinion and Order in the Northern District of Illinois has directly addressed the question of prevailing parties under the Copyright Act where both sides won claims (in that instance, the plaintiff won two claimed infringements and the defendant prevailed on nine others), but it is not reported in the Federal Supplement reporter. *Video Views, Inc. v. Studio 21, Ltd.,* 1989 Copr. L. Dec. P. 26,492, 12 U.S.P.Q.2d 1558, *abrogated on other grounds by Fogerty,* 510 U.S. 517, *cited supra.* While defendants do not cite the case for its precedential value as it is an unpublished decision, as a courtesy to the court it is attached hereto.

Ultimately, even though Defendants successfully defeated the vast majority of Plaintiff's claims here, logic, fairness, and the compelling precedent of applicable case law substantially support a finding that neither party truly prevailed. As a result, neither party should be awarded costs or fees under 17 U.S.C. §505.

**B.**     *In the alternative, Defendants should be deemed a prevailing party.*

As to the actual works at issue (4 versus 1,453; out of 1,457), Plaintiff won 0.03% of his claim and Defendants defeated 99.97% of his claim. From a damages standpoint, Plaintiff claimed that his 1,457 alleged works of art were worth actual damages of $5,201,000 (Pl. trial

ex. 35), but the jury held that the four works were worth only $120,000, which is less than 2.5% of the total VARA damages claim. So Defendants prevailed on the vast majority of the claims under VARA, as well as the vast majority of the damages sought. Accordingly, to the extent this Court rejects the position that there is no prevailing party, Defendants should be considered prevailing parties. This is particularly true in Copyright Act claims, where "[w]hen the prevailing party is the defendant, who by definition receives not a small award but no award, the presumption in favor of awarding fees is very strong." *Assessment Techs.,* 361 F.3d at 437.

### 1. Defendants prevailed on the vast majority of VARA claims, and should be considered the overall prevailing party.

Some courts have adopted the approach that the "overall" winner in a dispute with multiple claims should be deemed the prevailing party. A decision from the Federal Circuit involving patent claims held the defendants to be the prevailing party where they prevailed on the majority of the claims, even though the plaintiff had succeeded on some of his asserted causes of action. *Shum v. Intel Corp.,* 629 F.3d 1360, 1367 (Fed. Cir. 2010). The Court based its reasoning on the fact that the statutory language places "the definite article 'the' before 'prevailing party,'" and held there should only be "one prevailing party in an action." *Id.* The Court there also ultimately decided that the claims that plaintiff did win were so *de minimus* that they did not meet the *Buckhannon* standard, making the determination of choosing only one prevailing party that much simpler. Applying this reasoning to this case, Defendants clearly prevailed far more than Plaintiff and should be considered the overall prevailing party.

### 2. Defendants are the prevailing party on the VARA claims that they won, and should be afforded a proportionate right to their attorneys' fees for those claims.

Alternatively, Defendants should be deemed the prevailing party *in addition* to Plaintiff. In the case of *Balsley v. LFP, Inc.,* 691 F.3d 747, 772 (6th Cir. 2012), the Sixth Circuit

specifically rejected the "overall" winner analysis, asserting that it was not consistent with Supreme Court precedent. However, it further determined that where the defendant prevailed on certain claims and plaintiff on others, the Court would "consider each prevailing party's entitlement to fees under the claims they prevailed upon." *Id.* at 772. While the outcome of that case found that defendant was not entitled to its fees under the state statute claims it won (*id.* at 774), the analysis still supports a finding that where both parties prevailed on certain claims, their request for fees should be analyzed on the basis of the claims they won and lost.

If this Court chooses to employ the *Balsley* approach, Plaintiff's entitlement to fees would correspond to the four VARA claims he won, and Defendants' entitlement to fees would correspond to the 1,453 VARA claims that they won. The question of what percentage of their fees each prevailing party would be entitled to will then be addressed in the subsequent briefing on the motions for the award of fees, taking into account the appropriate factors.

In any event, for Plaintiff to assert that Defendants cannot possibly be considered the prevailing party under *any* analysis is neither logical nor supportable. Plaintiff would surely admit that he could have proceeded to trial and verdict on any one of the 1,457 independent items that he listed as VARA-protected. That is why he retained an expert to opine on the specific nature and value of each of the items. It is why he carefully enumerated each and every item, provided (where possible) a picture, and described its provenance, display (if any), condition, and his assertion of its actual value. (Pl. trial exs. 36, and 52.) Plaintiff himself treated each of the 1,457 items as separate, independent claims, for which he sought a specific, enumerated damage award. (Pl. trial ex. 35.)

And Plaintiff has to concede that were he to attempt to re-litigate any of his asserted VARA claims against Defendants for any of the 1,453 items that were rejected by the jury, he

Page **9** of **11**

would be estopped by *res judicata*. *Shum,* at 1368 ("the relief defendants obtained on these claims alters the legal relationship of the parties: in addition to avoiding significant monetary liability, the judgment in defendants' favor will have res judicata effect in any future action"). Accordingly, Defendants' victory is no different, in form or substance, from Plaintiff's success on four of his claims, and Defendants should be considered a prevailing party in equal, or even greater, measure.

## IV.    Conclusion

WHEREFORE, Defendants, Defendants, Kevin C. Doyle, Pamela Doyle, John T. Doyle Trust A, and John T. Doyle Trust B, respectfully request that this Honorable Court enter an order: (i) finding that there is no prevailing party in this cause under 17 U.S.C. §505; or (ii) in the alternative, finding that Defendants are either the only prevailing party, or are an additional prevailing party on the claims which they won under VARA, and set a schedule for the submission of any motions for fees accordingly.

Respectfully submitted,

Kevin C. Doyle, Pamela Doyle, John T. Doyle
Trust A, and John T. Doyle Trust B, Defendants

By:    /s/Saskia Nora Bryan
        One of their attorneys

Robert S. Minetz - #1925563
Saskia Nora Bryan - #6255682
Latimer LeVay Fyock LLC
55 West Monroe Street, Suite 1100
Chicago, Illinois  60603
(312) 422-8000; Fax: (312) 422-8001

David P. Faulkner
Faulkner Gustafson LLC
6832 Stalter Drive
Rockford, Illinois 61108
815-963-8050; Fax: 815-963-8057

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on January 12, 2018, I electronically filed the

foregoing document with the Clerk of the above-referenced Court through the CM/ECF system,

which will send notification of such filing and serve copies of the same on the following:

> James H. Wolf – jhwolf@wolfandtennant.com
> James M. Wolf – wolf_james@msn.com
> William T. McGrath – wmcgrath@davismcgrath.com
> Amy T. Adler – atadler@davismcgrath.com


                                                        /s/ Saskia Nora Bryan

Saskia Nora Bryan, IRDC No. 6255682
LATIMER LeVAY FYOCK LLC
55 West Monroe Street, Suite 1100
Chicago, Illinois  60603
312-422-8000; Fax: 312-422-8001

n:\clients\60077-01\docs\brief in support of position on prevailing parties final.docx