**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| CHRISTIAN K. NARKIEWICZ-LAINE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11 CV 1826 |
| | ) | |
| KEVIN C. DOYLE, PAMELA DOYLE, | ) | The Honorable Frederick J. Kapala |
| JOHN T. DOYLE TRUST A, JOHN T. | ) | |
| DOYLE TRUST B, and JOHN DOES 1-5, | ) | Magistrate Judge Iain Johnston |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S BRIEF ON THE ISSUE OF WHO IS PREVAILING PARTY

By order dated December 22, 2017 (Dkt. 285), the Court requested the parties to submit briefs on the issue of "who should be considered the prevailing party for purposes of 17 U.S.C. § 505." Plaintiff, through his counsel, Davis McGrath LLC, hereby submits this brief on the issue.

**Introduction**

Section 505 of the Copyright Act provides that the court may award attorney's fees to "the prevailing party" as part of the costs. The Plaintiff is seeking attorney's fees and initiated the process under Local Rule 54.3 by submitting detailed records of his attorney's fees and costs to Defendants' counsel on November 2, 2017.

On December 13, 2017, the clerk entered judgment "in favor of plaintiff, Christian K. Narkiewicz-Laine, and against defendants, Kevin C. Doyle, Pamela Doyle, John T. Doyle Trust A, and John T. Doyle Trust B, in the amount of $120,000 on plaintiffs Visual Artists Rights Act claim and $180,000 on plaintiff's trespass, conversion, and negligence claims, for a total recovery of $300,000." (Dkt. 281).

On December 21, 2017, Defendants filed a motion to recover attorney's fees under § 505, asserting that they were "the prevailing party," and asked to court to bifurcate the issue to make that determination before addressing both parties' requests for an award of fees.

**Argument**

**1.     To be a "prevailing party" requires a judgment in the party's favor.**

The Defendants are not the prevailing party because they did not receive a judgment in their favor.  As seen in the language of the judgment entered, the judgment was entirely "in favor or plaintiff" and "against defendants."  No judicial relief was given to the Defendants.  The jury found in favor of Plaintiff on all counts, and judgment was entered on the verdict.

The conclusion that Plaintiff is the prevailing party is dictated by the Supreme Court in *Buckhannon Bd. and Home Care v. W. Va. Dept. of Health and Human Serv.,* 532 U.S. 598, 603-608 (2001).  Noting that the term "prevailing party" is used to determine attorney's fee awards under numerous federal statutes, the Court stated that Congress employed the term as "a legal term of art."  It then defined the term for purposes of federal fee-shifting statutes as "a party in whose favor a judgment is entered, regardless of the amount of damages awarded," quoting Black's Law Dictionary.  532 U.S. at 603.  The Court noted that its interpretation is based on "the rather clear meaning of 'prevailing party'" as used in the statute. Id. at 607.

The Court explained that in order to be a prevailing party, there must be a "court-ordered change in the legal relationship between the plaintiff and the defendant."   Id. at 604.  This court-ordered change in relationship is achieved by a judgment in a party's favor.  The Court stated that its prior decisions "establish that enforceable judgments on the merits and court-ordered consent decrees create the 'material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees."  Id.  It noted that in its prior cases "We have

2

only awarded attorney's fees where the plaintiff has received a judgment on the merits . . . or a court-ordered consent decree." Id. at 606. Other forms of favorable outcome obtained by a party (e.g. obtaining a favorable settlement), while they may be a victory of sorts, are not enough to acquire prevailing party status. Id. at 605. There must be a "corresponding alteration in the legal relationship of the parties." Id. In the absence of obtaining a judgment in their favor, Defendants have not achieved such an alteration in this case.

The Seventh Circuit follows the dictates of *Buckhannon*. See, *Riviera Distributors, Inc. v. Jones*, 517 F.3d 926, 928 (7th Cir. 2008)(following *Buckhannon* and noting that a judgment in a party's favor or a consent decree has the effect of altering the legal relation of the parties); *HyperQuest, Inc. v. N'Site Sols., Inc.*, 632 F.3d 377, 387 (7th Cir. 2011)(" we have held that 'a litigant "prevails" (for the purpose of fee-shifting statutes) when it obtains a 'material alteration of the legal relationship of the parties'", citing *Riviera*).

**2.      Buckhannon governs copyright and other types of federal cases.**

Although *Buckhannon* interpreted "prevailing party" under the fee-shifting provision of the Fair Housing Amendments Act of 1988, 42 U.S.C. § 3613(c)(2), courts have applied *Buckhannon's* definition broadly to federal statutes using the term "prevailing party" for fee-shifting purposes, including copyright cases. In fact, the Seventh Circuit has held that *Buckhannon* is "conclusively presumed to so apply [to federal "prevailing party" statutes] absent a clearly contrary indication in the 'text, structure, or legislative history of a particular fee-shifting statute ...." *Palmetto Properties, Inc. v. County of DuPage*, 375 F.3d 542, 547 (7th Cir. 2004), quoting *T.D. v. LaGrange School Dist. No. 102,* 349 F.3d 469, 475 (7th Cir.2003). The Seventh Circuit applied *Buckhannon* in the *Riviera* and *Hyperquest* cases, supra, both copyright cases. See also, *First Time Videos, LLC v. Does 1-500*, 276 F.R.D. 241, 253–54 (N.D. Ill.

2011)(same). Numerous other courts have also used the *Buckhannon* definition of "prevailing party" in copyright cases. See, *Torres-Negron v. J & N Records, LLC*, 504 F.3d 151, 164–65 (1st Cir. 2007); *Cadkin v. Loose*, 569 F.3d 1142, 1148–49 (9th Cir. 2009); *Berry v. Hawii Exp. Serv., Inc.*, 2007 WL 689474, at *20 (D. Haw. Mar. 2, 2007)(collecting cases); *See also* 4–14 M. Nimmer & D. Nimmer, *Nimmer on Copyright* § 14.10[B] ("[S]ince the Supreme Court's decision in [*Buckhannon* ], it has been held that a prevailing party can only be one who 'secure[d] a judgment on the merits or a court-ordered consent decree.' " (quoting *Chambers v. Time Warner, Inc.,* 279 F.Supp.2d 362, 365 (S.D.N.Y.2003)).

### 3.    A plaintiff who obtains a judgment in its favor, regardless of the amount, is the prevailing party

It is clear from *Buckhannon* and other precedent that a plaintiff who obtains a judgment is the prevailing party even if the plaintiff did not succeed completely in the litigation or did not recover the entire amount it sought. Buckhannon defined "prevailing party" as "a party in whose favor a judgment is entered, *regardless of the amount of damages awarded*". 532 U.S. at 603 (emphasis added). A judgment in favor of the plaintiff, even if it awards only a relatively small amount of damages, still alters the legal relationship between the plaintiff and the defendant. In *Farrar v. Hobby*, 506 U.S. 103, 112–13 (1992), the Court held that even a plaintiff who obtains a judgment for nominal damages is the prevailing party ("A judgment for damages *in any amount*, whether compensatory or nominal, modifies the defendant's behavior for the plaintiff's benefit by forcing the defendant to pay an amount of money he otherwise would not pay")(emphasis added).

Here, judgment was entered "in favor" of Plaintiff and "against" Defendants. There is no judgment or consent decree in favor of the Defendants. Though the judgment was not in an amount that Plaintiff might have wanted, it was still a material alteration of the relationship of

the parties, as Defendants will have to pay the judgment to Plaintiff.  The jury found for the Plaintiff on all counts including Plaintiff's VARA claim, and despite being less than the amount Plaintiff wanted, the jury still awarded $120,000 on his VARA claim.

In light of the principles set forth in *Buckhannon* and *Farrar*, court consistently find that a plaintiff who secures a judgment in its favor is the prevailing party, regardless of the amount of the award and regardless if it prevailed on all its claims.  For example, in *Dennis v. Columbia Colleton Medical Center, Inc.,* 290 F.3d 639 (4th Cir.2002), the plaintiff obtained a judgment for $25,000 in compensatory damages, but lost on the bulk of her claims. The court ruled that even this "extremely limited success" made her the prevailing party under *Farrar* and *Buckhannon.* Id. at 652-53.  See also, *G v. Fort Bragg Dependent Sch.,* 343 F.3d 295, 310 (4th Cir.2003), stating that "[a]n award of attorneys' fees conditioned on a party's having prevailed does not require the party to have prevailed on every claim; the party's obtaining judicially sanctioned and enforceable final relief on some claims is sufficient."  The key under *Buckhannon* and *Farrar* is not complete success or the size of the monetary award, it is that there must be a material alteration of the legal relationship of the parties.  Plaintiff achieved that here, by obtaining a judgment in his favor. Defendants can point to no such material alteration (judgment or consent decree) in their favor, so they cannot be considered the prevailing party.

The principle that neither the amount nor the completeness of success can deprive a plaintiff who has obtained a judgment from being the prevailing party is frequently recognized in the case law.  See, e.g., *Leblanc–Sternberg v. Fletcher,* 143 F.3d 748, 757 (2d Cir.1998) (citations omitted) ("For a plaintiff to be considered a 'prevailing party,' ... he need not have succeeded on the central issue in the case .... It is sufficient that the plaintiff succeeded on any significant issue in [the] litigation ... regardless of the magnitude of the relief obtained…if he

received actual relief on the merits of his claim [that] materially alters the legal relationship between the parties ....") (internal cites omitted); *Fernandes v. Montgomery Cty., MD*, 2013 WL 6330705, at *1 (D. Md. Dec. 3, 2013) (holding that the plaintiff was the prevailing party even though the amount requested was "far greater" than the award and he succeeded on only one of his several constitutional and tort claims); *Bridgeport & Port Jefferson Steamboat Co. v. Bridgeport Port Auth.*, 2011 WL 721582 (D. Conn. Feb. 22, 2011) ("the degree of success is not a relevant factor for determining, as a threshold matter, if the plaintiffs 'prevailed.'").

The rule established by *Buckhannon* and *Farrar* has the benefit of adding certainty and objectivity to the meaning of "prevailing party." To deprive a party who has received a judgment the status of "prevailing party" based on the amount recovered or on some undefined measure of success would veer away from the objectivity *Buckhannon* provided. How much success is required? Where is the line to be drawn? To introduce such concepts into the determination of who is a prevailing party departs from the clear meaning of the statute and departs from *Buckhannon*.

**Conclusion**

For the reasons stated above, Plaintiff requests that the Court find that the Plaintiff is the prevailing party, and that the Defendants' Motion for Attorney's Fees (Dkt. 283) be denied.

Respectfully submitted,
By: /s/William T. McGrath
One of Plaintiff's Attorneys

William T. McGrath
Amy T. Adler
DAVIS McGRATH LLC
125 South Wacker Drive
Suite 1700
Chicago, IL 60606
312-332-3033

6

## <u>CERTIFICATE OF SERVICE</u>

I, William T. McGrath, an attorney, certify that on January 12, 2018, the foregoing document was served on all ECF registrants of record in this action using the CM/ECF system.


                        s/ William T. McGrath