**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS – WESTERN DIVISION**

| | | |
|---|---|---|
| CHRISTIAN K. NARKIEWICZ-LAINE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11 CV 1826 |
| | ) | |
| KEVIN C. DOYLE, PAMELA DOYLE, | ) | Honorable Frederick J. Kapala |
| JOHN T. DOYLE TRUST A, JOHN T. | ) | |
| DOYLE TRUST B, and JOHN DOES 1-5, | ) | Magistrate Judge Iain Johnston |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR POSITION**
**ON WHO SHOULD BE DEEMED A PREVAILING PARTY**

Defendants, Kevin C. Doyle, Pamela Doyle, John T. Doyle Trust A, and John T. Doyle Trust B, by their attorneys, Robert S. Minetz and Saskia Nora Bryan of Latimer LeVay Fyock LLC, along with David P. Faulkner of Faulkner Gustafson LLC, pursuant to 17 U.S.C. §505, for their Reply to Plaintiff's Brief on the Issue of Who Is Prevailing Party, state as follows:

**I.      Argument**

Defendants agree with Plaintiff that *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.,* 121 S. Ct. 1835 (2001), governs the determination of who can be deemed a prevailing party. Defendants agree with Plaintiff that the Seventh Circuit has consistently employed the *Buckhannon* standard, and that it is applicable to Copyright Act cases and applicable to the case at bar. *Riviera Distribs, Inc. v. Jones*, 517 F.3d 926, 928 (7th Cir. 2008). Finally, Defendants agree with Plaintiff that the amount of damages awarded on Plaintiff's four successful claims under VARA is not highly pertinent at this stage. While the degree of recovery *should* be considered in determining the amount of attorneys' fees to award, it is generally not a significant factor in deciding whether a party "prevailed." *Farrar v. Hobby,*

n:\clients\60077-01\docs\reply to plaintiffs brief on prevailing party.docx

506 U.S. 103, 114 (1992) ("Once civil rights litigation materially alters the legal relationship between the parties, "the degree of the plaintiff's overall success goes to the reasonableness" of a fee award under *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).")

The heart of Defendants' disagreement with Plaintiff's position is that Plaintiff completely ignores the claims that Defendants did prevail on:  the 1,453 VARA causes of action that the jury conclusively rejected. Plaintiff asserts that he is the prevailing party because the judgment was entered "in his favor." But that judgment also awarded Defendants a specific, legal, enforceable victory. Defendants' argument is not about the amount of damages Plaintiff won for his four successful claims; Defendants concede that those damages are not nominal. Defendants' argument is they deserve to be treated equally with Plaintiff, as mandated by *Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 534 (1994).

## A.     Defendants are as much a prevailing party as Plaintiff.

Plaintiff argues that the judgment was entered "in favor of plaintiff." (Doc. no. 281.) However, the wording of this docket entry does not automatically confer prevailing party status on Plaintiff. Looking at the actual claims that Plaintiff brought, it is uncontested that he sought VARA protection, a finding of violation, and VARA damages for each of the individual 1,457 items that he itemized to the court and jury. Plaintiff cannot, on any reasonable basis, assert that the Defendants did not prevail when the jury rejected 1,454 of those VARA claims. Plaintiff cannot contest that those claims are subject to *res judicata* if he were to bring a new cause of action based on the loss of those items. That, by its very nature, renders Defendants the prevailing party *for those claims. Shum v. Intel Corp.,* 629 F.3d 1360, 1368 (Fed. Cir. 2010).

Plaintiff's insistence that the wording of the judgment somehow renders him the only prevailing party is not rational. It ignores the reality that Defendants defeated 1,453 of Plaintiff's

VARA claims. Plaintiff's argument appears to be that the verdict and judgment must state that "Defendants received judgment in their favor" in order to be a prevailing party. But this is not a fair construction. The jury could not have "awarded" Defendants anything; all they could do was accept and reject claims. They accepted four of the claims, and rejected 1,453 others. As noted in Defendants' initial Brief, where "the prevailing party is the defendant," he "by definition receives not a small award but *no award*." *Assessment Techs. of WI, LLC, v. WIREdata, Inc.,* 361 F.3d 434, 437 (7th Cir. 2004), *emphasis added.*

Ironically, Plaintiff's argument that he should not be penalized for not winning *all* of his claims is actually one of the strongest reasons to deem Defendants a prevailing party. Plaintiff asserts that he should be the prevailing party even though he "did not succeed completely in the litigation or … recover the entire amount [he] sought." (Doc. no. 292, p. 4.) This is a compelling argument for finding Defendants are a prevailing party. Defendants won 1,453 VARA claims. They lost on four. The idea that the Defendants would have to have defeated each and every VARA claim in order to be deemed a prevailing party cuts against the exact position Plaintiff takes. Moreover, that is an incorrect statement of the law.

Of course, Plaintiff's argument seems to be based on the idea that a plaintiff is afforded greater protections and rights to recovering his fees than a defendant. But this position is directly contrary to the Supreme Court precedent in *Fogerty*, 510 U.S. 517. In holding that plaintiffs and defendants must be treated equally under the Copyright Act, the Court stated:

> Because copyright law ultimately serves the purpose of enriching the general public through access to creative works, it is peculiarly important that the boundaries of copyright law be demarcated as clearly as possible. To that end, defendants who seek to advance a variety of meritorious copyright defenses should be encouraged to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement. … [A] successful defense of a copyright infringement action may further the policies of the

n:\clients\60077-01\docs\reply to plaintiffs brief on prevailing party.docx

Copyright Act every bit as much as a successful prosecution of an infringement claim by the holder of a copyright.

*Id.* at 527.

When Defendants are afforded equal consideration and treatment, it is clear that they are as much, if not more, entitled to prevailing party status as Plaintiff. They may not have won all 1,457 VARA claims, but they did not have to. They prevailed on the 1,453 that they did win.

### B. Plaintiff's citations are not Copyright Act cases, and are not applicable.

Plaintiff cites several cases as support for his proposition that he is the only prevailing party. However, every single case is a civil rights or civil rights-related case. *Dennis v. Columbia Colleton Med. Center, Inc.,* 290 F.3d 639 (4th Cir. 2002) is a Title VII case. *G v. Fort Bragg Dependent Sch.,* 343 F.3d 295 (4th Cir. 2003) is a claim brought under the Individuals with Disabilities Education Act. *LeBlanc-Sternberg v. Fletcher,* 143 F.3d 748 (2nd Cir. 1998) is a civil rights case. And the two unpublished decisions Plaintiff cites allege civil rights and constitutional claims. These cases are simply not applicable to the determination of prevailing parties in this matter, because this matter arises under the Copyright Act.

Plaintiff does not cite *Fogerty* in his Brief, but its application to this issue is evident:

We had earlier held, interpreting the cognate provision of [the Civil Rights Act], that a prevailing plaintiff "should ordinarily recover an attorney's fee unless some special circumstances would render such an award unjust." …This decision was based on what we found to be the important policy objectives of the Civil Rights statutes, and the intent of Congress to achieve such objectives through the use of plaintiffs as "'private attorney[s] general.'"… In *Christiansburg, supra,* we determined that the same policy considerations were not at work in the case of a prevailing civil rights defendant.
…

[In this case, t]he legislative history of §505 [of the Copyright Act] provides no support for treating prevailing plaintiffs and defendants differently with respect to the recovery of attorney's fees.
…

> The goals and objectives of the two [Copyright and Civil Rights] Acts are likewise not completely similar. Oftentimes, in the civil rights context, impecunious "private attorney general" plaintiffs can ill afford to litigate their claims against defendants with more resources. Congress sought to redress this balance in part, and to provide incentives for the bringing of meritorious lawsuits, by treating successful plaintiffs more favorably than successful defendants in terms of the award of attorney's fees. … In the copyright context, it has been noted that "[e]ntities which sue for copyright infringement as plaintiffs can run the gamut from corporate behemoths to starving artists; the same is true of prospective copyright infringement defendants." …
>
> We thus conclude that respondent's argument based on our fee-shifting decisions under the Civil Rights Act must fail.

*Id.* at 522-24, *internal citations omitted*.

Plaintiff's rhetorical questions are all easily answered. The "line" that is drawn delineating when a party has prevailed is when that party has actually won a claim, as *Buckhannon* provides. Plaintiff received a judgment in his favor on four claims, and Defendants received a judgment in their favor on 1,453 claims. While Defendants maintain that this Court can, and should, exercise its discretion to determine that there is no prevailing party, strict application of the *Buckhannon* and *Fogerty* precedents to these facts would hold that both parties prevailed, and that Defendants prevailed in greater measure than Plaintiff.

As previously explained in Defendants' Brief, this is not a situation where Plaintiff won a singular cause of action and received fewer damages than he asked for; he actually received the maximum amount of statutory damages for the four claims he won. Plaintiff's evidence, arguments, trial exhibits, jury instructions, and verdict form all manifest this basic fact: Plaintiff pursued and prosecuted 1,457 individual VARA claims. Plaintiff sought specifically enumerated statutory damages for each and every one of those claims. For Plaintiff to now deny the reality that Defendants prevailed on 1,453 of those claims is disingenuous. Defendants are a prevailing party, under Supreme Court precedent and every rational construction of the verdict.

## II.      Conclusion

WHEREFORE, Defendants, Defendants, Kevin C. Doyle, Pamela Doyle, John T. Doyle

Trust A, and John T. Doyle Trust B, respectfully request that this Honorable Court enter an order

denying Plaintiff's position that he is the only prevailing party in this matter, and holding either

that there is no prevailing party in this cause under 17 U.S.C. §505; or (in the alternative) that

Defendants are the sole or an additional prevailing party, entitled to fees for the claims they won.

Respectfully submitted,

Kevin C. Doyle, Pamela Doyle, John T. Doyle
Trust A, and John T. Doyle Trust B, Defendants

By:    /s/Saskia Nora Bryan
            One of their attorneys

Robert S. Minetz - #1925563
Saskia Nora Bryan - #6255682
Latimer LeVay Fyock LLC
55 West Monroe Street, Suite 1100
Chicago, Illinois  60603
(312) 422-8000; Fax: (312) 422-8001

David P. Faulkner
Faulkner Gustafson LLC
6832 Stalter Drive
Rockford, Illinois 61108
815-963-8050; Fax: 815-963-8057

n:\clients\60077-01\docs\reply to plaintiffs brief on prevailing party.docx

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on January 26, 2018, I electronically filed the

foregoing document with the Clerk of the above-referenced Court through the CM/ECF system,

which will send notification of such filing and serve copies of the same on the following:

James H. Wolf – jhwolf@wolfandtennant.com
James M. Wolf – wolf_james@msn.com
William T. McGrath – wmcgrath@davismcgrath.com
Amy T. Adler – atadler@davismcgrath.com


/s/ Saskia Nora Bryan

Saskia Nora Bryan, IRDC No. 6255682
LATIMER LeVAY FYOCK LLC
55 West Monroe Street, Suite 1100
Chicago, Illinois  60603
312-422-8000; Fax: 312-422-8001

n:\clients\60077-01\docs\reply to plaintiffs brief on prevailing party.docx