**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| CHRISTIAN K. NARKIEWICZ-LAINE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11 CV 1826 |
| | ) | |
| KEVIN C. DOYLE, PAMELA DOYLE, | ) | The Honorable Frederick J. Kapala |
| JOHN T. DOYLE TRUST A, JOHN T. | ) | |
| DOYLE TRUST B, and JOHN DOES 1-5, | ) | Magistrate Judge Iain Johnston |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' BRIEF ON THE
DETERMINATION OF "PREVAILING PARTY"**

Plaintiff, through his counsel Davis McGrath LLC, submits this response to Defendants'

brief on who should be deemed a prevailing party (Dkt. 291).

There are several overriding problems that appear consistently throughout Defendants'

brief. Defendants fail to accept the well-established principle that a plaintiff who obtains a

judgment in its favor with any significant relief is the prevailing party, even if the plaintiff did

not succeed on all its claims and even if the recovery is less than the amount sought. As the

Supreme Court explained in *Farrar v. Hobby*, "the prevailing party inquiry does not turn on the

magnitude of the relief obtained." 506 U.S. 103, 114 (1992). Defendants ignore the significance

under *Buckhannon* that Narkiewicz-Laine obtained a significant judgment in his favor,

substantially altering the legal relationship of the parties. *Buckhannon Bd. and Home Care v. W.

Va. Dept. of Health and Human Serv.,* 532 U.S. 598 (2001). This is not a case where the relief is

*de minimis* or inconsequential. The final judgment awards Plaintiff $120,000 on the VARA

count and $180,000 on the common law counts, which Defendants are obligated to pay.

*Buckhannon* and *Farrar* make clear that this judgment is a material alteration that directly benefits the Plaintiff. This makes the Plaintiff and not the Defendants "the prevailing party."

**Partial success is sufficient to make Plaintiff the prevailing party.**

Defendants argue that because Plaintiff did not recover for every VARA work, neither party should be deemed a prevailing party. (D. Br. p. 4) (Dkt. 291). This assertion is in direct conflict with *Buckhannon*. The judgment in Plaintiff's favor (Dkt. 281) is the "judicial imprimatur" that *Buckhannon* demands of a prevailing party. 532 U.S. at 605. Defendants appear to admit, as they must, that the benefit to Plaintiff from the judgment is not *de minimis*, stating that the VARA award "is more than what would be characterized as nuisance value." (Dkt. 291, p. 4).

In Plaintiff's earlier brief (Dkt. 292, p. 4-6), we set forth cases showing the well-established principle that a Plaintiff need not succeed on all claims or aspects of its case to be the prevailing party. It is enough for Plaintiff to succeed on "any significant issue" in the litigation, as Narkiewicz-Laine has done here. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) ("plaintiffs may be considered prevailing parties for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought…."); *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791 (1989) (same). The *Farrar* case showed that the amount of damages awarded is generally irrelevant to deciding whether a party has prevailed because "a judgment for damages in any amount, whether compensatory or nominal, modifies the defendant's behavior for the plaintiff's benefit by forcing the defendant to pay an amount he otherwise would not pay." 506 U.S. at 112-13. Prevailing party status only requires success on the merits of at least some claims. *Buckhannon*, 532 U.S. at 603-04.

2

For examples of copyright cases recognizing that partial success is sufficient to make a plaintiff the prevailing party, see, *Collins v. Doe*, 2013 WL 2896822, at 2 (S.D. Tex., June 12, 2013); *Jacobs v. Memphis Convention & Visitors Bureau*, 2012 WL 4468500 (W.D. Tenn., Sept. 7, 2012), *report and recommendation adopted*, 2012 WL 4461275 (W.D. Tenn., Sept. 25, 2012); *Boisson v. Banian Ltd.*, 280 F. Supp. 2d 10 (E.D.N.Y. 2003). The leading treatises also recognize that a judgment reflecting partial success by the plaintiff makes it the prevailing party. 10 Moore's Federal Practice §54.171 [3] [c] ("Because a plaintiff prevails by achieving some of the benefit sought in bringing suit, it follows that a defendant is a prevailing party only if the plaintiff obtains no relief whatsoever in the litigation"); 10 Wright & Miller, Federal Practice & Procedure §2667 ("a claimant who has obtained some relief usually will be regarded as the prevailing party even though the party has not sustained all his claims").

Defendants try to circumvent the "partial success" principle by noting that plaintiff recovered an award for only a small number of works. (Dkt. 291, p.4). That argument is not tenable in light of *Buckhannon*, *Farrar*, and the other authorities cited above and in our prior brief. It also ignores the fact that the judgment on Count I was in favor of the Plaintiff. And while Defendants avoided an even larger judgment against them, there is no judgment in their favor.

The mere fact the judgment for Plaintiff will have a future *res judicata* effect does not transform the $300,000 judgment against Defendants into a judgment in favor of Defendants. (Dkt. 291, pp. 9-10). Such a theory would eviscerate the Supreme Court's jurisprudence on determining the "prevailing party." It would lead to the absurd result that in every case of partial success, the defendant would be the prevailing party (even without a judgment in its favor) because it avoided greater liability and plaintiff would be precluded by *res judicata* from

relitigating the unsuccessful claims. Every judgment plaintiff, no matter how large or small its award, no matter how complete or partial its success, is precluded from relitigating its claims. A defendant who has had partial success in eluding a larger damage award than the amount it must actually pay has not achieved a material alteration of the legal relationship between the parties. The defendant still must pay the award to plaintiff, the amount of which, per *Farrar*, is not a controlling factor.

**Defendant's legal authorities are outdated and contrary to Buckhannon**.

Defendants cite some cases that they assert as authority for the argument that neither party in this case should be deemed the prevailing party. (Dkt. 291, pp. 4-7).

Four of the cases on which they principally rely, *ARP Films, Inc. v. Marvel Entertainment Group, Inc.,* 952 F. 2d 643 (2nd Cir. 1991), *Warner Bros. Inc. v. Dae Rim Trading, Inc.,* 877 F.2d 1120 (2nd Cir. 1989), *Landau & Cleary, Ltd. v. Hribar Trucking, Inc.,* 807 F.2d 91 (7th Cir. 1986), and *Video Views, Inc. v. Studio 21, Ltd.*, 1989 WL 88294 (N.D. Ill. July 28, 1989), pre-date the *Buckhannon* case and did not have the benefit of the Court's authoritative definition of what a prevailing party is. *Buckhannon* made it clear that there had to be a clear judicial *imprimatur* such as a judgment, not just avoidance of avoidance of a detrimental result. It also reinforced the principle in *Farrar* that even an award of nominal damages to a plaintiff suffices to make it a prevailing party. *Buckhannon,* 532 U.S. at 603-04. After *Buckhannon*, courts do not have the leeway they previously had to find a defendant to be the prevailing party where plaintiff obtained a judgment in its favor and defendant did not.

Moreover, in each of Defendants' four cases cited above, there was in fact a formal judgment or judicial imprimatur for the defendant on some discrete pat of the case, such as a summary judgment or dismissal with prejudice in favor of defendant on some counts. That is not

4

the case here, where Plaintiff was awarded damages on each count and judgment was entered in his favor on each count.

Defendants argue that cases finding a plaintiff the prevailing party where it achieves only partial success are usually civil rights cases, not copyright cases. (Dkt. 291, pp. 5-6). In addition to the *Tempest Publishing, Inc. v. Hacienda Records,* 141 F. Supp. 3d 712 (S.D. Tex. 2015) case, which defendants acknowledge, we have cited copyright cases above at pp. 2-3 and have set forth in our previous brief (Dkt. 292, pp. 3-4) substantial authority that *Buckhannon* applies broadly to federal statutes using "prevailing party" language. As noted in our prior brief, the Seventh Circuit has followed *Buckhannon* in at least two copyright decisions, *Riviera Distributors, Inc. v. Jones,* 517 F.3d 926 (7th Cir. 2008) and *HyperQuest, Inc. v. N'Site Sols., Inc.,* 632 F.ed 377 (7th Cir. 2011).

Defendants' reliance on *Fogerty v. Fantasy, Inc.,* 510 U.S. 517 (1994) and *Assessment Techs. Of WI, LLC v. Wiredata, Inc.,* 361 F. 3d 434 (7th Cir. 2004) is completely misplaced. Neither of those cases is dealing with the threshold question of "who is the prevailing party?"; both were addressing merits of the attorney's fee issue, that is, should the (undisputed) prevailing party recover attorneys' fees under the specific circumstances of that case. In contrast, the issue in the current briefs is directed only to determining the threshold question.

*Thorncreek Apartments I, LLC v. Village of Park Forest,* 123 F. Supp. 3d 1012 (N.D. Ill. 2013) and *Wells v. City of Chicago,* 925 F. Supp. 2d 1036 (N.D. Ill 2015) both involve a defendant seeking costs under Fed. R. Civ. P. 54(d). In both cases, there was a judgment in defendant's favor on one or more counts of the complaint. Notably, in *Thorncreek*, Judge Feinerman, after denying costs to both plaintiff and defendant under Rule 54(d) notes that this, in itself, would not control the disposition of plaintiff's motion for attorney's fees. Quoting *Family*

5

*PAC v. Ferguson*, 745 F.3d 1261, 1268 (9th Cir. 2014), the court states "we will sometimes direct the parties to pay their own costs when, as here, there is a mixed judgment. In the case of the same mixed results, however, the partially prevailing plaintiff may well be entitled to an award of attorney's fees under §1988 because plaintiffs may be considered prevailing parties for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." The *Wells v. City of Chicago* case cited by Defendants contains a similar statement. 925 F. Supp. 2d at 1050 (the determination of costs in a mixed result case "has no bearing on plaintiff's right to recover [attorney's fees] under 42 U.S.C. §1988….").

Defendants cite *Shum v. Intel Corp.*, 629 F.3d 1360 (Fed. Cir. 2010) for the proposition that the Defendants, and not Narkiewicz-Laine, should be considered the prevailing party. *Shum*, in determining costs under Rule 54(d), concluded, based on the plain language of Rule 54 that "there can be only one prevailing party in a given case…" Id. at 1367. If we assume that conclusion to be correct, then under *Buckhannon* and *Farrar*, the prevailing party must be Narkiewicz-Laine, not the Defendants. The court's conclusion in *Shum* that the defendant prevailed was based on an unusual set of facts (and elicited a strong dissent).

Though the plaintiff prevailed on its claim to be declared a co-inventor (the only claim on which he prevailed), that did not result in a material alteration of the legal relation between the parties because the plaintiff and defendant had before the litigation entered an agreement whereby both parties had the right to exploit the patent without any duty to account to the other party. For this reason, the ruling on co-inventorship did not modify the defendant's behavior in a way that directly benefited the plaintiff. *Shum,* 629 F.3d at 1368-69. Plaintiff recovered no damages, and defendant obtained summary judgment on some counts and a post-verdict

judgment as a matter of law on other counts. In sharp contrast, Narkiewicz-Laine obtained a judgment in his favor and substantial monetary damages on all counts.

Finally, Defendants rely on *Balsley v. LFP, Inc.*, 691 F.3d 747 (6th Cir. 2012) for the proposition that both parties can be prevailing parties. This conflicts with the well-established principles discussed above that a plaintiff who receives a judgment on any substantial issue is the prevailing party.

Respectfully submitted,
By: /s/William T. McGrath
One of Plaintiff's Attorneys

William T. McGrath
Amy T. Adler
DAVIS McGRATH LLC
125 South Wacker Drive
Suite 1700
Chicago, IL 60606
312-332-3033

## CERTIFICATE OF SERVICE

I, William T. McGrath, an attorney, certify that on January 26, 2018, the foregoing document was served on all ECF registrants of record in this action using the CM/ECF system.


            s/ William T. McGrath